■ In the Matter of Ricky M., Appellant, v Sharon B., Respondent.— Order, insofar as it dismissed petition for a writ of habeas corpus, unanimously reversed and matter remitted to Onondaga County Family Court for a hearing in accordance with memorandum, and otherwise order affirmed, without costs. Memorandum: Appellant's petition for a writ of habeas corpus and his petition under article 5 of the Family Court Act to have himself declared the father of an illegitimate child were dismissed by Family Court "on the ground that the court lacked jurisdiction". Under *Stanley v Illinois* (405 US 645), as interpreted by *Matter of Malpica-Orsini* (36 NY2d 568), certain minimal rights are extended to the natural father of an illegitimate child. Section 70 of the Domestic Relations Law confers on a parent a right to maintain a habeas corpus proceeding. Since the petition alleges that appellant is a parent, the proceeding could not be dismissed. The habeas corpus proceeding is an appropriate one in which appellant may establish his status as a party entitled to maintain a habeas corpus proceeding and as a natural father entitled to his constitutional rights under *Orsini* and *Stanley*. The Family Court properly dismissed appellant's paternity petition, since under article 5 of the Family Court Act an unwed father is not authorized to bring such proceeding. No constitutional challenge is made of the restriction of authorized petitioners; and we do not decide that issue. (Appeal from order of Onondaga County Family Court in habeas corpus and paternity proceeding.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.

■ George D. Wells, Jr., Respondent, v Lincoln First Bank of Rochester, Appellant.—Judgment unanimously affirmed, with costs. We affirm the judgment on the ground that respondent's statutory lien takes priority over appellant's perfected security interest (Lien Law, § 183; Uniform Commercial Code, § 9-104, subd [c]; § 9-310). (Appeal from judgment of Ontario Trial Term in declaratory judgment action.) Present—Marsh, P. J., Cardamone, Mahoney and Del Vecchio, JJ.