John H. JOHANNESEN

v.

Colleen PFEIFFER.

Supreme Judicial Court of Maine.

June 23, 1978.

Anthony & Howison by Cushman D. Anthony (orally), Portland, for plaintiff.

Glassman & Potter by Caroline Glassman (orally), Roderick H. Potter, Portland, for defendant.

Before DUFRESNE, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

On May 28, 1975, appellant Johannesen began this action in Superior Court to establish that he is the father of a child born to Colleen Pfeiffer on March 2, 1975. By his amended complaint, he brought the action in his own name and as next friend of the infant child, alleging that he was the father and defendant the mother of the child, and that defendant has refused to acknowledge his paternity or permit him any right to see the child or "share in its parenting." He prayed for an adjudication of his own paternity of the child, visitation rights, custody, support for the child from the mother, and appointment of a guardian ad litem for the child. Appellee moved to dismiss the complaint under Rule 12(b)(6), M.R.Civ.P. for failure to state a claim on which relief could be granted, and moved for summary judgment under Rule 56, M.R.

**1114**

Civ.P., alleging that there was no genuine issue as to any material fact and that appellee was entitled to dismissal of the complaint as a matter of law. The Superior Court dismissed the complaint.

The Superior Court order seems to have been based on a construction of the Maine statute governing paternity suits. Maine has adopted the Uniform Act on Paternity, 19 M.R.S.A. §§ 271–287 (Supp. 1977–78). The first sentence of section 272 of title 19 provides:

> "Paternity may be determined upon the complaint of the mother, child or the public authority chargeable by law with the support of the child."

Since the statute includes no provision in terms that a person claiming to be the father of a child may sue to establish paternity, the Superior Court may have considered that appellant lacked standing to bring the present suit.

We believe that the court erred in dismissing the complaint. Since the complaint was dismissed for failure to state a claim upon which relief could be granted, we examine the complaint to determine whether it sets forth facts entitling appellant to relief on any theory.

■ As noted above, the complaint sought a declaration of paternity as well as certain relief that appellant alleged could result from such a declaration. In 14 M.R.S.A. §§ 5951–5963 (1964), Maine adopted the Uniform Declaratory Judgments Act. Section 5953 provides, in part

> "Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. . . ."

Under Maine law, appellant has at least one right which would be enhanced by a declaration of paternity. The father of a child born out of wedlock has the right to inherit from the child if the father acknowledges paternity before a justice of the peace or notary. 18 M.R.S.A. § 1003 (1964). To protect that right, the father may seek a present declaration of his status as father of the child while evidence is available to support that conclusion.

■ One section of the Maine adoption statutes provides an opportunity for a putative father to establish paternity and, under certain conditions, contest adoption and assert custody rights. 19 M.R.S.A. § 532–C (Supp. 1977–78). The statute applies in terms only when the mother sets about to consent to an adoption. To protect any rights he may have under that statute, a putative father should be permitted to have his status as parent established while evidence of his paternity is still available even though the mother has not yet begun adoption proceedings. Appellant thus had standing to seek a declaratory judgment of paternity to protect any rights he may have under the inheritance laws or the laws relating to adoption of illegitimates.

■ We need not decide at this point what other rights with respect to the child appellant would be entitled to assert if he established paternity. It is now clear that unwed fathers have important interests in their offspring that are entitled to constitutional protection. *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). The *Stanley* decision and subsequent cases suggest that a putative father has a constitutional right to a forum to establish paternity. *In re Lisa R.,* 13 Cal.3d 636, 119 Cal.Rptr. 475, 532 P.2d 123, *cert. denied,* 421 U.S. 1014, 95 S.Ct. 2421, 44 L.Ed.2d 682 (1975); *Slawek v. Stroh,* 62 Wis.2d 295, 215 N.W.2d 9 (1974); *Rothstein v. Lutheran Social Services,* 47 Wis.2d 420, 178 N.W.2d 56, *vacated and remanded,* 405 U.S. 1051, 92 S.Ct. 1488, 31 L.Ed.2d 786 (1972); same case *sub. nom. State ex rel. Lewis v. Lutheran Social Services,* 59 Wis.2d 1, 207 N.W.2d 826 (1973).

Recently, in *Quilloin v. Walcott,* 434 U.S. 246, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978), the Supreme Court dealt with the rights of unwed fathers. There, a Georgia adoption scheme which gave the mother greater control over the child than was granted to the father was challenged. The court concluded the rights of unwed fathers and mothers need not be equal as long as the father is

given the opportunity to contest the adoption. The court's approach in the *Quilloin* case indicates that unwed fathers have a right to establish paternity and to assert an interest in custody and control of their illegitimate children. A determination of parental status as a basis for asserting possible rights to custody or visitation is a proper subject for declaratory judgment.

■ Courts of other jurisdictions have recognized that while some paternity statutes have been construed to deny standing to a putative father under the statutes themselves, the putative father may still obtain a declaratory judgment on the issue of paternity. *O.F.L. v. M.R.R.*, 518 S.W.2d 113 (Mo.App.1974); *A.B. v. C.D.*, 150 Ind. App. 535, 277 N.E.2d 599 (1971). *See also M. v. B.*, 49 A.D.2d 1035, 374 N.Y.S.2d 506 (1975). Appellant's complaint is sufficient to constitute a petition for judgment declaring appellant's status under Rule 57 M.R. Civ.P., and 14 M.R.S.A. §§ 5951–5963. ·

The motion to dismiss should not have been granted.

The entry is:

Appeal sustained.

Remanded for further proceedings not inconsistent with this opinion.

POMEROY, J., did not sit.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.