■ In the Matter of CINDY L. AUFFHAMMER, Appellant, v ROBERT AUFFHAMMER, Respondent. — Appeal from an order of the Family Court of Tioga County (Siedlecki, J.), entered March 22, 1983, which awarded custody of the parties' children to respondent. ¶ The instant appeal involves a dispute over the custody of the parties' three children, ages six through eight. The parties separated in March, 1982 when the mother took the children from the family's house trailer and moved them into the home of their maternal grandmother. A divorce action was commenced shortly thereafter. In April, 1982, the mother filed a custody petition in Family Court. A temporary order of custody was granted to the mother with weekday and weekend visitation rights to the father. After some heated incidents involving visitation, the temporary order was modified on June 15, 1982 to restrict the father's visitation to alternate weekends. The custody hearing commenced in late August and continued through several adjourned sessions until early January, 1983. Family Court rendered a decision awarding custody to the father and this appeal ensued. ¶ In urging reversal, the mother argues that this is a case where custody was shifted from herself, the initial custodial parent, although she was found to be fit, and solely because of the court's disapproval of her having moved with the

children into the house trailer of Herbert Shaughnessy, with whom she was having an affair. Family Court's findings, however, do not reflect that this was the sole basis for its award. As Family Court correctly noted, the initial, informal custodial arrangements made by the parties and the subsequent temporary orders, all accomplished before any court hearing, were only among a number of pertinent factors to be weighed in determining custody on the basis of the children's best interest under the totality of the circumstances (*Eschbach v Eschbach,* 56 NY2d 167, 172; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 95). Even less weight is to be accorded the prior custody arrangement when, as here, it was of short duration (*Friederwitzer v Friederwitzer, supra,* p 96). ¶ There was ample evidence in the record to justify Family Court's determination. The mother began her affair shortly after moving from the marital residence. By her own admission, from then until she moved in with Shaughnessy in late August, 1982, she spent time at his residence on a regular basis during weekdays and on weekends. This resulted in the children being continuously shuttled back and forth between Shaughnessy's trailer, the home of the maternal grandmother and a baby-sitter. On occasions, the children were left at their grandmother's while the mother spent the night at Shaughnessy's. At other times, she returned to his trailer at 5:00 or 6:00 A.M., before dressing and feeding the children. The mother also resigned her regular, full-time employment to work only one day on the weekends for her paramour. Other witnesses testified that on many weekdays during the summer of 1982, after the father's rights to have the children with him had been restricted to alternate weekends, the children were observed unattended and in a filthy condition. Moreover, the record casts doubt on Shaughnessy's suitability to share in the care and upbringing of the children. These doubts are occasioned by an outburst during his testimony, for which he was admonished by the court, and his having left several guns and ammunition accessible in his trailer, resulting in the discharge of one of the guns while the children were there. All of these factors supported Family Court's conclusion that the mother, while not unfit, was less fit than the father, in terms of a "lesser concern * * * for the emotional well-being of her children than for her own life style demonstrated after the original award was made" (*Friederwitzer v Friederwitzer, supra,* p 96; cf. *Di Stefano v Di Stefano,* 60 AD2d 976, 977). Although there was testimony on the mother's behalf which might have led to different inferences, evaluating the testimony, character and sincerity of the parties involved is best left to the nisi prius court, which had the opportunity to see and hear them (*Eschbach v Eschbach, supra,* p 173). ¶ For all of the foregoing reasons, Family Court's award of custody to the father should be upheld. ¶ Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.