■ SUZANNE M. HANNA, Respondent, v TIMOTHY HANNA, Appellant. [700 NYS2d 532] —Crew III, J. Appeal from an order of the Supreme Court (Demarest, J.), entered June 3, 1998 in St. Lawrence County, which, *inter alia*, granted plaintiff custody of the parties' child.

The parties were married in July 1991 and are the parents of a single child born in 1992. In January 1996, plaintiff commenced the instant action for divorce in which she sought an order of joint custody of the child with physical custody awarded to her. Following a protracted trial on the issue of custody, Supreme Court concluded that the child's best interest dictated that sole custody be granted to plaintiff with liberal visitation awarded to defendant. This appeal by defendant followed.

Defendant contends that in reviewing the underlying award of custody, we should determine whether Supreme Court's decision was based upon a "preponderance of the evidence" rather than whether the decision was founded upon a "sound and substantial basis". We disagree. It is axiomatic that in adjudicating custody and visitation rights, the most important factor to be considered is the best interest of the child (*see, e.g., Friederwitzer v Friederwitzer*, 55 NY2d 89, 93). In reaching a custody determination, the trial court must weigh all relevant factors (*see, Matter of De Losh v De Losh*, 235 AD2d 851, 852) and base its decision upon a preponderance of the evidence presented. In weighing the evidence, we recognize that it does not require much proof to tip the scales in favor of one party (*see, Rolls v Rolls*, 243 AD2d 906, 907).

Although our authority in custody matters is as broad as that of the trial court (*see, Matter of De Losh v De Losh, supra*, at 853), we accord deference to its factual findings "since it had the unique opportunity to both observe the witnesses' demeanor and assess their credibility" (*Matter of Janus v Janus*, 239 AD2d 712, 713). Moreover, we will not disturb those findings unless they lack a sound and substantial basis in the record (*see, Matter of De Losh v De Losh, supra*, at 853). In determining custody and visitation, courts often are faced with the most imperfect of choices. As we recently had cause to observe, "[s]ome cases are so unsettling that the law cannot provide a perfect solution" (*Matter of Frize v Frize*, 266 AD2d 753, 753-754). Such is the case here.

Supreme Court found, and the record bears out, that while both plaintiff and defendant are equipped with the basic parenting skills necessary to ensure that the child will be fed, clothed, housed, educated and loved, both also have significant problems that could adversely affect the child's long-term well-being. Of necessity, Supreme Court, while recognizing the limitations of each parent, determined that the child's best interest dictated an award of custody to plaintiff with liberal visitation to defendant and that determination is, in our view, founded upon a sound and substantial basis in the record. We have considered defendant's remaining contentions and find them to be equally without merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.