■ In the Matter of DARRELL SHAW, Appellant, v JOANN ANTES, Respondent. [710 NYS2d 719] —Cardona, P. J. Appeal

from an order of the Family Court of Tompkins County (Sherman, J.), entered October 23, 1998, which, *inter alia*, dismissed petitioner's application, in proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent had a romantic relationship from March 1996 until mid-September 1996 during which time respondent became pregnant and gave birth in February 1997. Thereafter, the parties each petitioned for custody of their daughter and, on May 1, 1997, respondent was granted temporary custody. At the same time, petitioner's right to visitation was temporarily suspended. On June 12, 1997, Family Court issued a temporary order granting petitioner visitation at his mother's home but prohibited contact between the parties. .

In September 1997, following petitioner's failure to comply with the terms of the visitation order, Family Court temporarily suspended petitioner's right to visitation pending a fact-finding hearing and a final determination concerning custody. Thereafter, petitioner moved, *inter alia*, for an order requiring that blood tests be performed to determine paternity of the child. As a result, Family Court issued an order in December 1997 granting sole custody of the child to respondent and dismissing petitioner's cross petition for custody. The order further provided that, once petitioner's paternity was established through an order of filiation or in the context of a support proceeding, he would have standing to again petition for custody or visitation.

In March 1998, petitioner commenced the instant proceeding seeking modification of Family Court's December 1997 order alleging a change in circumstances, namely, "[b]lood test show I'm the [f]ather". Respondent served an answer and cross-petitioned for an order directing that petitioner have no visitation. Family Court thereafter conducted a lengthy fact-finding hearing which concluded on September 18, 1998. In October 1998, the court issued an order, *inter alia*, awarding sole custody of the child to respondent and granting petitioner supervised visitation one Sunday each month commencing October 25, 1998. The order further set forth a graduated schedule of extended and, eventually, unsupervised visitation as long as petitioner did not violate the conditions set forth therein. Petitioner appeals from that order.*

Initially, we note that the overriding concern in determining

---

\* Family Court also issued an order of protection in October 1998 which, *inter alia*, prohibited petitioner from contacting respondent, but no appeal has been taken from that order.

issues of custody and visitation is the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 173; *Hanna v Hanna*, 267 AD2d 903, 904, *lv dismissed* 94 NY2d 943). Family Court's findings with respect to such issues are entitled to considerable deference and will not be disturbed unless they lack a sound and substantial basis in the record (*see, Hanna v Hanna, supra,* at 904; *Matter of Donahue v Buisch*, 265 AD2d 601, 603; *Matter of Jelenic v Jelenic*, 262 AD2d 676, 677).

Based upon the totality of the circumstances apparent from this record, we find no reason to disturb Family Court's determination concerning custody and visitation. Respondent has been the child's primary caregiver since birth and various witnesses testified that she is a good and caring mother. Petitioner, on the other hand, has been described as volatile and susceptible to sudden bouts of anger. A number of different witnesses related specific instances in which petitioner exhibited inappropriate and aggressive behavior typically directed at respondent. In light of such evidence, Family Court's findings have a sound and substantial basis in the record.

We note that, since the issuance of the October 1998 order, Family Court has conducted a further fact-finding hearing and rendered a subsequent order, *inter alia*, modifying petitioner's visitation schedule. Contrary to the claims of respondent and the Law Guardian, we do not find that the subsequent order modifying said visitation rendered petitioner's appeal from the October 1998 custody order moot under the particular circumstances herein (*compare, Matter of Coakley v Sanders*, 247 AD2d 648). We have considered petitioner's remaining contentions and find them to be without merit.

Mercure, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.