■ In the Matter of DEBORAH ROSE, Petitioner, and MATTHEW ASHCRAFT, Appellant, v TERESA WALRAD (PETERS) et al., Respondents. [717 NYS2d 402] —Mugglin, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered April 1, 1999, which dismissed petitioners' application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

Petitioner Deborah Rose* is the biological unwed mother of a child born in 1997. Petitioner Matthew Ashcraft is the alleged father of the child. Rose, through mediation at a community dispute resolution center on March 2, 1998, signed a document transferring custody of the child to respondents. By order dated March 23, 1998, Family Court approved the custody/visitation agreement. The record of mediation reflects that Ashcraft had not seen the child since shortly after birth and that paternity was not established.

The instant proceeding, commenced October 23, 1998, seeks modification of the prior custody order by transferring custody back to Rose and Ashcraft, as the parents of the child. Although the petition is purportedly signed by both Rose and

---

* Rose withdrew from the proceeding prior to the fact-finding hearing.

Ashcraft, it is verified only by Rose. Only Rose appeared at the initial appearance. Subsequently, at the fact-finding hearing Rose's attorney, while Rose was not present in the courtroom, represented to Family Court that she desired to withdraw her interest in the petition. When the court granted this application, respondents immediately sought dismissal of the petition, based upon the lack of any filiation order establishing Ashcraft to be the father. Although the court indicated that it was inclined to grant the motion, without prejudice, the motion was not actually decided and the fact-finding hearing was held, at the conclusion of which Family Court dismissed the petition finding that Ashcraft did not have standing in the absence of an adjudication that he is the father of the child, and that he is an unfit parent. On this appeal Ashcraft asserts that he does have standing (*see, Matter of Ricky M. v Sharon B.*, 49 AD2d 1035) and that the finding of unfitness lacks support in the record.

We first observe that despite the uncontroverted testimony of both petitioners as to the parentage of the child, and despite the authority of Family Court Act § 564 which would have allowed Family Court to determine paternity in this proceeding, Family Court specifically stated that Ashcraft "has not been adjudged to be the father of the child." Nevertheless, we hold that the issue of paternity is not determinative under the facts of this case. If, in fact, Ashcraft is a nonparent, there is no basis upon which he can seek custody (*see, Matter of Alison D. v Virginia M.*, 77 NY2d 651, 657). On the other hand, if he is a parent, Family Court's finding that he is unfit determines the outcome of this case if a sound and substantial basis for that determination exists in the record (*see, Hanna v Hanna*, 267 AD2d 903, *lv dismissed* 94 NY2d 943).

Normally, we would find that it is inconsistent to hold that someone who has not been adjudicated a parent is nevertheless an unfit parent. However, in the context of this case where Ashcraft alleges he is the father of the child and he seeks to recover custody from respondents who are nonparents, the issue of his fitness, if he is unfit, is dispositive. The fundamental rule is "[s]o long as the parental rights have not been forfeited by gross misconduct * * * or other behavior evincing utter indifference or irresponsibility * * * the natural parent may not be supplanted" (*Matter of Male Infant L.*, 61 NY2d 420, 427 [citations omitted]). Therefore, "once it is found that the parent is fit, and has neither abandoned, surrendered, nor otherwise forfeited parental rights, the inquiry ends and the natural parent may not be deprived the custody of his or her child" (*id.*, at 427).

We have reviewed the record and find that Family Court did have a sound and substantial basis upon which to determine Ashcraft to be unfit to parent this child. In this regard, we note that the findings of Family Court are entitled to great deference and should not be disturbed unless they lack a sound and substantial basis in the record (*see, Hanna v Hanna, supra,* at 904).

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.