■ In the Matter of CRYSTAL L. BAKER, Appellant, v SCOTT M. BAKER, Respondent. [724 NYS2d 131] —Carpinello, J. Appeal from an order of the Family Court of St. Lawrence County (Harrigan, J.), entered November 5, 1999, which, *inter alia*, granted respondent's cross petition, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

Petitioner, mother of Natasha (born in 1995) and Alicia (born in 1996), appeals from a Family Court determination denying her petition for sole custody of the children and granting same to respondent, the girls' father. As our review of the record indicates that Family Court's findings have a sound and substantial basis and serve the best interests of the children, we affirm (*see, Matter of Von Dwingelo v Von Dwingelo*, 279 AD2d 663; *Matter of Shaw v Antes*, 274 AD2d 679, 681; *Matter of Ebel v Urlich*, 273 AD2d 530, 531).

As of the September 1999 hearing in the matter, petitioner was unemployed, receiving public assistance and pregnant

with the child of her paramour with whom she was then residing. Her paramour was also unemployed. Additional occupants of their household included her pregnant sister, her sister's husband, the two children who are the subject of these proceedings and numerous pets. In addition, this three bedroom residence was petitioner's sixth in less than 2½ years, many of her prior residences having been described as unkempt and smelling of animal feces. For example, on the occasion of one past prearranged home visit, a probation investigator found her home to be "in dire need of a thorough cleaning."

Testimony also revealed that petitioner suffers from bipolar disease and a borderline personality disorder which manifest themselves in periods of depression and panic attacks. More to the point, however, there was testimony that the children frequently arrived for visitation at respondent's home in a dirty condition. Their hair was typically uncombed and unwashed, they were hungry and wearing dirty, ill-fitting clothing often inappropriate for the season and smelling of urine. The children also suffered from lice and flea bites.

In sharp contrast, as of the hearing, respondent was employed, involved in a stable relationship and he was residing in a residence far more appropriate for the children. Although respondent had a history of problems controlling his temper, this was but one factor to be considered by Family Court. In sum, Family Court clearly did not err in its overall evaluation of "the quality of the respective home environments * * * and each parent's past performance, relative fitness and ability to provide for and guide the [children's] intellectual and emotional development" (*Matter of Russo v Russo*, 257 AD2d 926, 927). Accordingly, its custody determination will not be disturbed.

We similarly reject petitioner's contention that Family Court erred in allowing testimony of events which predated a prior custody order in this matter, particularly since the testimony related directly to petitioner's fitness as a parent (*see, Matter of Smith v Kalman*, 235 AD2d 848, 849-850). Nor do we agree with petitioner's argument that she was denied effective assistance of counsel at the hearing. Her attorney called a total of four witnesses to testify in support of her petition and actively cross-examined respondent and his witnesses. Petitioner's claim that she suffered prejudice as a result of her counsel's failure to call other witnesses is purely speculative. In any event, it is well settled that "[t]he failure to call a particular witness does not necessarily constitute ineffective assistance of counsel" (*Matter of Hudson v Hudson*, 279 AD2d 659, 661; *see, Matter of Thompson v Jones*, 253 AD2d 989, 990).

Mercure, J. P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.