■ In the Matter of CHRISTINE ANSON, Appellant, v LINDEN ANSON, Respondent. (And Another Related Proceeding.) [798 NYS2d 185]—

Cardona, P.J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered November 19, 2003, which, inter alia, granted respondent's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties to this proceeding were married in 1999 and are the parents of one child (born in 1999). After they physically separated in 2001, the parties shared custody of their son pursuant to an informal arrangement. Subsequently, the arrangement became unworkable, prompting petitioner (hereinafter the mother) to petition for custody. After respondent (hereinafter the father) answered with a cross petition for custody, Family Court held hearings in the summer of 2003 and concluded that the child's best interests would be served by awarding custody to the father. In its order, Family Court awarded specific visitation to the mother and incorporated an order of protection to be in effect until the child's 18th birthday. The terms of the protective order prohibited the mother from engaging in certain specific acts, including permitting her male companion to be alone with the child. The mother now appeals from Family Court's order.

We begin with a discussion of the legal principles to be applied in the instant case. As clarified at oral argument, this proceeding involves an initial custody determination, as the parties' own prior understanding constituted an informal arrange-

ment borne of the parties' convenience and acquiescence. With a change of circumstances analysis thus being inapplicable (*see Matter of Bruce BB. v Debra CC.*, 307 AD2d 408, 409 [2003]; *Matter of Auffhammer v Auffhammer*, 101 AD2d 929, 930 [1984]; *compare Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004]), "Family Court was required to consider the best interests of the child by reviewing such factors as 'maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent' " (*Kaczor v Kaczor*, 12 AD3d 956, 958 [2004] [citation omitted], quoting *Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]; *see generally Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]). Finally, although this Court's authority in custody matters is as broad as that of Family Court, we nonetheless afford deference to Family Court's opportunity to assess witness credibility and "will not disturb those findings unless they lack a sound and substantial basis in the record" (*Matter of De Losh v De Losh*, 235 AD2d 851, 853 [1997], *lv denied* 89 NY2d 813 [1997]).

Applying these principles herein, we conclude that Family Court properly awarded custody to the father. The record supports the court's conclusion that each parent has affection for the child and each displays the ability to meet the child's basic needs. However, the record also reflects that the father has taken a more proactive role in ensuring that the child's educational and medical needs have been met. The evidence further suggests that the father has made reliable childcare arrangements for his son and, in light of the mother's frequent changes of residence and the father's habitation in the town where the child has continually resided near his extended paternal family, we conclude that the father has demonstrated a greater ability to provide stability in his son's life. Notably, we agree with Family Court that the father has demonstrated a greater willingness to facilitate the child's relationship with the mother. Accordingly, in light of the totality of the circumstances, we cannot conclude that the award of custody to the father lacked a sound and substantial basis in the record.

The mother's additional claims are unpersuasive. Contrary to the mother's assertion, an order of protection issued pursuant to Family Ct Act article 6 need not be justified by aggravating circumstances in order to exceed a year in duration (*compare* Family Ct Act § 656 *with* Family Ct Act § 842; *see also Matter of Krista I. v Gregory I.*, 8 AD3d 696, 698 [2004]). Moreover, Fam-

ily Court did not abuse its discretion in refusing to adjourn the proceedings in order to permit the testimony of the mother's companion (*see* Family Ct Act § 626; *Matter of Alexa Ray R.*, 276 AD2d 703, 704 [2000]). Additionally, as to the mother's claim that trial counsel did not afford her with meaningful assistance, inasmuch as " '[t]he failure to call a particular witness does not necessarily constitute ineffective assistance of counsel' " (*Matter of Baker v Baker*, 283 AD2d 730, 731 [2001], *lv denied* 96 NY2d 720 [2001], quoting *Matter of Hudson v Hudson*, 279 AD2d 659, 661 [2001]), we conclude that counsel's failure to secure the testimony of the companion did not, alone, render his representation ineffective. To the extent that the mother claims other factors impaired counsel's performance, we cannot conclude that these claimed deficiencies, even if established, resulted in actual prejudice to the mother (*see Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]; *Matter of Dingman v Purdy*, 221 AD2d 817, 818 [1995]).

Crew III, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.