■ In the Matter of TAMMY S. COMINS, Appellant, v BRADLEY L. BRIGGS, Respondent. (And Two Other Related Proceedings.) [807 NYS2d 676]—

---

* A dry cell is one used to isolate an inmate suspected of either ingesting contraband or hiding it on his person.

Crew III, J.P. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered March 15, 2004, which, inter alia, granted respondent's application, in three proceedings pursuant to Family Ct Act articles 6 and 8, for sole custody of the parties' children.

Petitioner, the biological mother, commenced this proceeding against respondent, the putative father, in June 2003 seeking to obtain custody of the three children at issue here.[1] Respondent answered and cross-petitioned for similar relief. At the conclusion of the three-day fact-finding hearing that followed, Family Court, among other things, granted respondent sole legal and physical custody of the children and established a detailed visitation schedule for petitioner. This appeal by petitioner ensued.

Petitioner, who apparently commenced a paternity proceeding during the pendency of the instant custody proceeding, initially contends that Family Court erred in failing to apply the "extraordinary circumstances" test before divesting her of custody of her children. We cannot agree. Although it is unclear why Family Court did not enter an order of filiation pursuant to Family Ct Act § 564,[2] the failure to establish paternity is not dispositive of the underlying custody issue where, as here, both parties alleged and testified that respondent indeed was the biological father of the three children at issue (*see generally Matter of Rose v Walrad*, 278 AD2d 537, 538 [2000]). In addition to the clear and unequivocal testimony of the parties on this point, it is apparent from the testimony of the remaining witnesses that respondent held himself out as the father of the children and has been acknowledged and accepted as such by friends and members of the parties' respective families. Under such circumstances, Family Court was faced with nothing more

---

1. Petitioner and respondent each have a child from a prior relationship.

2. Family Court's written decision in this matter reflects that respondent entered a denial in the context of the paternity proceeding, but the pleadings for that proceeding are not included in the record on appeal, and all of the proof before us in the context of the custody proceeding clearly points to respondent being the biological father.

than a de novo custody determination between two biological parents and, as such, the extraordinary circumstances test did not apply.

Before addressing the merits of the custody determination, we note in passing that Family Court denied an apparently belated request that a law guardian be appointed for the children (born in 1992, 1994 and 1996), reasoning that granting such request would delay the scheduled fact-finding hearing in this matter. To the extent that petitioner contends that this constitutes reversible error, "the case law makes clear that, although the appointment of a Law Guardian in a contested custody matter remains 'the preferred practice', . . . such appointment is discretionary, not mandatory" (*Lips v Lips*, 284 AD2d 716, 716 [2001], quoting *Davis v Davis*, 269 AD2d 82, 85 [2000]; *see Matter of Cole v Reynolds*, 8 AD3d 703, 705 [2004]; *Matter of Walker v Tallman*, 256 AD2d 1021, 1022 [1998], *lv denied* 93 NY2d 804 [1999]). Inasmuch as Family Court did conduct a *Lincoln* hearing with the parties' consent, we cannot say, under the particular facts of this case, that Family Court abused its discretion in failing to appoint a law guardian for these children.

As to Family Court's resolution of the custody issue, we cannot say that its decision to award custody of the three minor children to respondent lacks a sound and substantial basis in the record as a whole. To be sure, neither petitioner nor respondent is a model parent and each has his or her respective shortcomings. Petitioner's abuse of alcohol, however, seriously undermines her claim that she is fit to effectively serve as the children's custodian. Each and every witness who testified at the hearing, including petitioner's daughter from a prior relationship, petitioner's first cousin, respondent's ex-wife and respondent's daughter from that marriage, commented on the extent to which petitioner consumed alcohol. By her own admission, petitioner drank a six-pack of beer four or five nights a week over the course of a three-year period and would become "intoxicated" approximately three or four times a week. Although petitioner testified at the hearing that, once she left respondent, she no longer had an alcohol problem, Family Court was free to find such testimony unpersuasive, particularly in view of the fact that it is clear from the record that petitioner did not receive any alcohol-related counseling. Petitioner's history of alcohol abuse, coupled with the testimony regarding her viewing of sexually explicit material on the Internet and her tendency to appear before the children in various states of undress, represent significant lapses of parental judgment, as

did petitioner's decision to enlist her children's assistance in attempting to gather evidence against respondent for purposes of the eventual custody dispute.

As noted previously, while respondent's past was not unblemished, the record nonetheless reflects that he is more capable of providing the children with the structure, stability and degree of supervision that they require. Although respondent may not possess petitioner's level of education, he has a consistent employment history, can provide appropriate housing for the children and has a support network to care and watch out for the children should his work schedule and their school schedule conflict. Additionally, the fact that respondent and his former spouse, whose marriage ended under rather dramatic circumstances, have managed to maintain a cordial relationship when it comes to their daughter bodes well for his ability to foster a meaningful relationship between petitioner and the children. In short, based upon our review of the record as a whole, we are unable to discern any basis upon which to set aside Family Court's resolution of this matter.

Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.