■ In the Matter of ROBIN L. TOMPKINS, Respondent, v MICHAEL J. HOLMES, Appellant. (And Another Related Proceeding.) [811 NYS2d 184]—

Mugglin, J. Appeal from an order of the Supreme Court (Lawliss, J.), entered December 8, 2004 in Essex County, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner (the mother) and respondent (the father) are the unwed parents of a child born in 2004. Petitioner commenced this custody proceeding and respondent cross-petitioned for the same relief. The matter was heard by Supreme Court in the

integrated domestic violence part and after several days of testimony, petitioner was granted sole legal custody, subject to respondent's weekly supervised visitation. Respondent appeals.

We affirm. When making an initial custody determination, Supreme Court is required to consider the best interests of the child by reviewing numerous factors, including each parent's home environment and each parent's relative fitness and ability to provide for the child's future well-being (*see Matter of Anson v Anson*, 20 AD3d 603, 603-604 [2005], *lv denied* 5 NY3d 711 [2005]; *Matter of Neail v Deshane*, 19 AD3d 758, 758 [2005], *lv denied* 5 NY3d 711 [2005]; *Matter of Dudniak v Olmstead*, 307 AD2d 404, 405 [2003]). By applying these principles, we conclude that Supreme Court properly awarded custody to petitioner. The record reveals that since the child's birth, petitioner has had sole custody and respondent has made no attempts to exercise visitation. The evidence reveals that petitioner maintains an appropriate home environment for the child, effectively manages the health issues attendant to the child's premature birth and maintains steady employment. In contrast, respondent lives with his older brother and, although the home setting is appropriate, respondent has little or no experience caring for such a young child with attendant health difficulties. Additionally, respondent lacks stable employment and has a history of violent tendencies. Although, as recognized by Supreme Court, petitioner's parenting of her two older children reveals some parental shortcomings, on balance, we are convinced that this child's best interests are served by the award of custody to her (*see generally Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]).

Finally, while we agree with respondent that Supreme Court erred in admitting improperly authenticated evidence of his criminal convictions from Vermont, the error is harmless. In addition to his record of convictions in New York, respondent, in his testimony, freely admitted having been convicted of some crimes in Vermont (*see Scialdo v Kernan*, 301 AD2d 884, 887 [2003]). Thus, even without the erroneously admitted evidence, Supreme Court could rely upon respondent's criminal record as a factor in considering who would be the most appropriate custodian of the child. As there is sufficient properly admitted evidence to support the custodial determination, the error has little, if any, impact upon the ultimate conclusion (*see Matter of Nicole VV.*, 296 AD2d 608, 613 [2002], *lv denied* 98 NY2d 616 [2002]; *Matter of Shane MM. v Family & Children Servs.*, 280 AD2d 699, 701 [2001]).

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.