■ In the Matter of JOHN KENNETH LINN, Respondent, v ERICA LYNN HOBBS, Appellant. (And Another Related Proceeding.) [846 NYS2d 718]—

Lahtinen, J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered June 19, 2006, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a daughter born in October 2002. In September 2004, they moved from Virginia to Cortland County where the father, who had been recently laid off, reportedly had an employment offer making significantly more than he earned at his prior job. In April 2005, the parties separated. At that time, the mother returned to Virginia, but the child stayed with the father. In November 2005, the father petitioned for custody and, thereafter, the mother cross-petitioned for the same relief. Following a hearing, Family Court rendered a detailed written decision awarding custody to the father. The mother appeals.

The primary concern in a custody proceeding is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Tompkins v Holmes*, 27 AD3d 846, 847 [2006]). Numerous factors are relevant in making this assessment, including, among others, the stability and quality of the home environments, the age of the child, the relative fitness of each parent, and each parent's ability to provide for the child's future well-being (*see Matter of Hildenbrand v Hildenbrand*, 37 AD3d 981, 982 [2007]; *Matter of Storch v Storch*, 282 AD2d 845, 846 [2001], *lv denied* 96 NY2d 718 [2001]). If Family Court's decision is supported by a sound and substantial basis in the record, we generally accord deference to its findings "because it is in the best position to evaluate the 'testimony, character and sincerity of all the parties involved in this type of dispute'" (*Matter of Farnham v Farnham*, 252 AD2d 675, 676 [1998], quoting *Eschbach v Eschbach*, 56 NY2d at 173).

Family Court discussed and weighed each parent's strengths and weaknesses in its decision. The father has stable employment, he has recently married and the child has a good relationship with her stepmother, who has a graduate degree in education. The child was enrolled in preschool, involved in dance, and appeared to be doing well in her development. She had lived with her father uninterrupted since her birth and he was actively involved in her care. The mother's prospects for economic stability are not as promising or secure as the father's prospects, and she had engaged in acts reflecting a willingness to place priority on her immediate interests over the child's interests. Moreover, Family Court found her testimony to be marked by a pattern of exaggeration and misrepresentation of important facts.

The mother argues on appeal that the father had shown inadequate efforts to foster the relationship between her and the child. Indeed, Family Court noted this as a concern, but also observed that he had transported the child to Virginia for visitation and, after being directed to do so by the court, provided such visitation on a consistent basis. The fact that the child has a half brother (born in 1997) in Virginia (the mother's child by a prior relationship), while a factor to be weighed, does not require reversal. The mother did not have custody of the other child and it does not appear that the children had previously lived together for any significant period of time. Finally, the mother's contention that Family Court did not properly assess witness credibility is unavailing. The credibility determinations are supported by the record. We are unpersuaded that Family Court's decision should be set aside.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.