■ In the Matter of KRISTY BOULERICE, Respondent, v VINCENT HEANEY, Appellant. (And Another Related Proceeding.) [846 NYS2d 734]—

Carpinello, J. Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered January 25, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children, and (2) from an order of said court, entered January 22, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

The parties are the unwed parents of two boys (born in 1999 and 2003). In November 2006, petitioner (hereinafter the mother) commenced this proceeding for sole legal and physical custody. She thereafter filed a family offense petition alleging that respondent (hereinafter the father) threatened her. Following a combined hearing on both petitions, Family Court granted the mother sole legal and physical custody and permitted the father to have only weekly supervised visitation. The court also found that the father committed a family offense. The father appeals.

On appeal, the father does not dispute that joint custody is not a viable option. Rather, even though he did not file a cross petition for sole custody or request such relief before Family Court, he now argues that he should have been awarded sole custody.[1] We are unpersuaded. In rendering its custody determination, Family Court was "required to consider the best interests of the child[ren] by reviewing numerous factors, including each parent's home environment and each parent's relative fitness and ability to provide for the child[ren's] future well-being" (*Matter of Tompkins v Holmes*, 27 AD3d 846, 847 [2006]). Here, in addition to evidence that the mother has been the primary caregiver for the children and most attentive to their health and educational needs, the testimony, as credited by Family Court, reveals that the father was both mentally and physically abusive to the children.

In particular, he inflicted corporal punishment on them, by way of a belt or spankings with his hand, on a regular basis. Indeed, the older child expressed fear of the father. There was also evidence that the father was mentally and physically abusive to the mother. Upon reviewing this evidence, and according deference to Family Court's assessment of credibility, we are satisfied that its decision awarding the mother sole custody and permitting only supervised visitation to the father is supported by a sound and substantial basis in the record promoting the children's best interests (*see Matter of Yette v Yette*, 39 AD3d 952, 954 [2007], *lv denied* 9 NY3d 802 [2007]; *Matter of Tompkins v Holmes, supra*; *Matter of St. Pierre v Burrows*, 14 AD3d 889, 891 [2005]; *see generally Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]).

The father next argues that the family offense finding was not supported by sufficient evidence. The hearing established that, upon being served with the subject custody petition, the father threatened the mother during a telephone conversation, warning her that she "better watch [her] back at all times." This threat, which the mother took seriously given the father's past violence toward her, was overheard by a member of her family. Although the father denied making this threat, Family Court did not believe him and instead credited the mother's

---

1. At the conclusion of the hearing, the father's attorney argued in summation that the father "really would like . . . some visitation with his children." The attorney acknowledged that "the type of visitation" (i.e., supervised versus unsupervised) would depend on which testimony Family Court credited on the issue of the father's violent tendencies. The father's position was reiterated at the end of this summation at which time his attorney made clear that "[the father] would like the children to remain with their mom and he wants to be able to visit them."

proof. We will not disturb this credibility determination or the court's finding that this evidence established a family offense, namely, aggravated harassment in the second degree, by a preponderance of the evidence (*see* Family Ct Act § 812 [1]; § 832; *Matter of Draxler v Davis*, 11 AD3d 760, 760-761 [2004]).

As a final matter, we note that the Law Guardian on appeal, troubled by the mother's failure to protect the children from the father's abuse over the years, requests that Family Court's order be modified to include appropriate counseling for the mother and/or parenting classes.[2] While these concerns are well taken, we note that the previous Law Guardian who appeared in Family Court did not make this request nor file an appeal from the order. We note further that the mother had been participating in parenting classes as of the hearing, the parties no longer reside together and the father has supervised visitation only. Thus, even though the inclusion of a provision requiring domestic violence counseling and/or continuance of parenting classes would not have been totally unreasonable, we discern no basis, on this record at this juncture, to modify the order to mandate same.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that orders are affirmed, without costs.

---

**2.** A different Law Guardian represented the children in the proceedings before Family Court.