■ In the Matter of SONDRA J. GAST, Appellant, v CLIFFORD B. GAST, Respondent. (And Two Other Related Proceedings.) [855 NYS2d 696]—

Lahtinen, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered November 1, 2006, which, among other things, dismissed petitioner's application, in three proceedings pursuant to Family Ct Act articles 6 and 8, for custody of the parties' children.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 2002 and are the parents of two children (born in 2003 and 2004). The mother obtained a temporary order of protection in March 2006 directing the father to stay away from the marital residence. She also petitioned for custody, and an April 2006 temporary custody order awarded her custody with parenting time for the father. That order was amended in August 2006 to permit additional contact by the father with the children. The father filed a petition in September 2006 asserting numerous violations of his visitation rights by the mother. Following a hearing over several days at which considerable conflicting evidence was presented, Family Court issued a lengthy written decision and order which, among other things, dismissed the mother's custody petition and granted primary physical and legal custody to the father. The mother now appeals.

The overriding concern in a custody determination is the children's best interests (see Matter of Dickinson v Woodley, 44 AD3d 1165, 1166 [2007]; Matter of Anson v Anson, 20 AD3d 603, 604 [2005], lv denied 5 NY3d 711 [2005]). There are a variety of factors that are relevant in the best interests analysis, including, among others, "maintaining stability for the children, the children's wishes, the home environment with each parent, each parent's past performance and relative fitness, each parent's ability to guide and provide for the children's overall well-being and the willingness of each to foster a positive relationship between the children and the other parent" (Matter of Kilmartin v Kilmartin, 44 AD3d 1099, 1102 [2007]; see Kaczor v Kaczor, 12 AD3d 956, 958 [2004]). "[A]lthough this Court's authority in custody matters is as broad as that of Fam-

ily Court, we nonetheless afford deference to Family Court's opportunity to assess witness credibility and 'will not disturb those findings unless they lack a sound and substantial basis in the record' " (*Matter of Anson v Anson*, 20 AD3d at 604, quoting *Matter of De Losh v De Losh*, 235 AD2d 851, 853 [1997], *lv denied* 89 NY2d 813 [1997]).

Evidence found credible by Family Court established that the mother actively attempted to undermine the children's relationship with the father, repeatedly disregarded court orders, purposely thwarted efforts by the father to visit the children, and exhibited extremely poor judgment in placing her own interests over those of the children. Family Court found the proof inadequate to substantiate the mother's allegations of abusive conduct by the father and, in fact, there was credible evidence that the mother had assaulted him. The mother's testimony was inconsistent on significant issues and contradicted by compelling evidence, resulting in Family Court finding her testimony to "lack fundamental credibility." One of the experts who evaluated the family noted that the mother degraded the father in front of the children, she lacked insight and judgment, and she was manifestly controlling. Shortly after the father left the marital residence, the mother, disregarding the Law Guardian's admonishment, had her paramour move into the apartment with a living arrangement that Family Court observed made it unlikely that their sexual relationship was shielded from the children in light of the layout of the apartment. While the father had parenting weaknesses, he had stable and ample living arrangements for the children at the home of his parents—where he was residing—and he exhibited a cooperative effort to advance the relationship of the children with the mother. Finding no reason to disregard Family Court's credibility determinations, we conclude that there is a sound and substantial basis in this record supporting Family Court's decision that placing custody with the father is in the children's best interests.

Cardona, P.J., Carpinello, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.