In the Matter of NATALIE HOLLE, Respondent, v DAVID HOLLE, Appellant. (And Two Other Related Proceedings.) [865 NYS2d 393]—

Mercure, J.P. Appeal from that part of an order of the Family Court of Tompkins County (Sherman, J.), entered August 6, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 1991; their five youngest children (born in 1993, 1996, 1998, 2000 and 2003) are the subject of these proceedings. The parties' relationship deteriorated and, in 2006, the mother sought and received a temporary order of protection removing the father from the marital residence. The mother then commenced the first of these proceedings seeking sole custody of the parties' children, and also filed a family offense proceeding. The father cross-petitioned for sole custody of the children. Following a fact-finding hearing, Family Court dismissed the family offense petition and granted the mother sole custody of the children, with regular visitation to the father. The father now appeals from so much of Family Court's order as awarded the mother sole custody of the children.

We affirm. In making an initial custody determination, the courts must "consider the best interests of the child by reviewing such factors as maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each

parent to foster a relationship with the other parent" (*Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005] [internal quotation marks and citations omitted]; *see Matter of Tompkins v Holmes*, 27 AD3d 846, 847 [2006]; *Osborne v Osborne*, 266 AD2d 765, 765 [1999]). Here, the record reveals that while both parents are loving and actively involved in the children's lives, the mother has been more proactive in meeting the children's medical and educational needs, as well as in coordinating their extracurricular activities. Moreover, the mother has a light work schedule, enabling her to act as the children's primary caregiver. In contrast, the father works long hours six days a week, in addition to serving in the Air National Guard. Thus, the children, if placed in his custody, would spend the majority of their waking hours—and, for certain of the children, nearly all of that time—in day care or with baby-sitters. Finally, we note that despite the parties' acrimonious relationship, the mother has actively promoted the relationship between the children and the father. Considering the totality of the circumstances and according deference to the court's assessment of credibility, we conclude that Family Court's determination has a sound and substantial basis in the record and that the mother was properly awarded sole custody of the children (*see Matter of Tompkins v Holmes*, 27 AD3d at 847; *Matter of Anson v Anson*, 20 AD3d at 604; *Matter of Morrow v Morrow*, 2 AD3d 1225, 1226-1227 [2003]; *see also Matter of Boulerice v Heaney*, 45 AD3d 1217, 1218 [2007]; *cf. Matter of Auffhammer v Auffhammer*, 101 AD2d 929, 930 [1984]).

The father's remaining argument is not properly before us.

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.