Kane, J.
Appeal from an order of the Family Court of Dela *1065 ware County (Becker, J.), entered June 28, 2007, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties’ children.
The parties are the parents of a son (born in 2002) and a daughter (born in 2004). Both parents and the daughter are deaf and the son has impaired speech. The parties separated in 2005, with respondent moving out of the house and the children remaining with petitioner. Petitioner commenced this proceeding seeking custody of the children. After a hearing held over the course of several months, Family Court awarded petitioner sole legal and physical custody of the children, with limited visitation to respondent, who now appeals.
Family Court properly awarded sole custody rather than joint custody. While joint custody is an aspirational goal in every custody matter, such an award is inappropriate where the parties have demonstrated an inability to effectively communicate or cooperate to raise the children (see Matter of Thomas v Osborne, 51 AD3d 1064, 1066 [2008]; Matter of Eck v Eck, 33 AD3d 1082, 1083-1084 [2006]). Respondent testified that petitioner does not keep him informed of the children’s activities and appointments, but he also blocked e-mails and instant messages from her accounts, apparently because her new account included information about her paramour. By this blocking, respondent hampered any communication, as the parties cannot speak to each other on ordinary telephones. Petitioner testified that while she would allow respondent to attend medical appointments for the children, she did not feel comfortable being in the room with him because he berated her in the physician’s office. The parties’ main points of disagreement concerned the amount of involvement and integration the children had with the deaf community versus the hearing community and whether the daughter should be tested for or receive a cochlear implant. Considering the parties’ demonstrated difficulties in communication and disagreement over important issues involved in raising the children, the court reasonably determined that joint custody was not feasible (cf. Matter of Kilmartin v Kilmartin, 44 AD3d 1099, 1101 [2007]; Matter of Rosario WW. v Ellen WW., 309 AD2d 984, 985-986 [2003]).
Family Court did not err in awarding sole custody to petitioner and limited parenting time (visitation) to respondent. In determining which custody arrangement is in the children’s best interests, the court must consider various factors, including maintaining stability in the children’s lives, assessing the home environments of both parents, each parent’s willingness to foster a relationship with the other parent, and their past *1066 performance and ability to provide for the children’s overall well-being including any special needs of the children (see Matter of Gast v Gast, 50 AD3d 1189, 1189 [2008]; Matter of Kilmartin v Kilmartin, 44 AD3d at 1102). Here, the children had lived with petitioner for their entire lives, together with her other children. Petitioner had been the primary caretaker. Testimony indicated that respondent spent long periods of time on the computer and at times needed to be encouraged to join in activities with the children. Although petitioner moved from her mother’s house, where the parties had lived with the children, into her paramour’s house, the houses were only two blocks away and the children continued to see their grandmother nearly every day. Respondent quit his job and did not seek employment, barely getting by on Social Security benefits and food stamps. He paid no child support to petitioner and sought a portion of the children’s disability benefit payments to buy gas and food for them when he had parenting time. For a brief period, respondent was either unwilling or financially unable to adhere to his daughter’s dietary restrictions based upon her medical condition.
Respondent moved four times between October 2005 and the end of the hearing. The last move was from an apartment within a few miles of petitioner to his sister’s house in Connecticut. He did not provide any explanation as to why this move was necessary. His plans to attend the University of Maryland were ill-defined, as he had not actually applied for admission or financial aid, nor even visited the campus. His suggestion that he would drive the children from Maryland six hours each way every other weekend for parenting time with petitioner was unreasonable. According substantial deference to the hearing court’s factual findings and credibility determinations (see Matter of Gast v Gast, 50 AD3d at 1189-1190; Matter of Eck v Eck, 33 AD3d at 1083), which favored petitioner, Family Court properly determined that the children’s best interests would be served by awarding sole legal and physical custody to petitioner. Although the parenting time granted to respondent is quite limited, the schedule was not unreasonable based on the ages of the children and respondent’s own choice to move to a location four hours away from his children without any justification. To the extent that respondent now requests the right to parenting time with the children when he is in the area of their residence, such request should be made by application to the appropriate Family Court, which can make a determination regarding the children’s present best interests.
Mercure, J.R, Spain, Rose and Stein, JJ., concur. Ordered that the order is affirmed, without costs.