■ In the Matter of CHRISTINA BUSH, Appellant, v JEFFREY STOUT, Respondent. (And Another Related Proceeding.) [875 NYS2d 293]—

Mercure, J.P. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered October 30, 2007, which, among other things, granted respondent's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties are the unmarried parents of a daughter, born in 2004. After their relationship ended, the child lived primarily with petitioner (hereinafter the mother), who allowed respondent (hereinafter the father) to have overnight visitation with the child once per week pursuant to the parties' informal custody agreement. In addition, the child's grandmothers and paternal aunt provided care at least several times a week. A dispute arose between the parties and, thereafter, the mother commenced the first of these proceedings pursuant to Family Ct Act article 6, seeking custody of the child. The father cross-petitioned for custody and, following a fact-finding hearing, Family Court granted the father's cross petition, awarding him custody with visitation to the mother on alternate weekends. The mother appeals, and we now affirm.

"Any court in considering questions of child custody must make every effort to determine what is for the best interest of the child, and what will best promote [the child's] welfare and happiness" (*Eschbach v Eschbach*, 56 NY2d 167, 171 [1982] [internal quotation marks and citations omitted]; *see Matter of Grant v Grant*, 47 AD3d 1027, 1028 [2008]). Relevant factors to be considered in determining the child's best interest include "maintaining stability for the child[ ], the child['s] wishes, the home environment with each parent, each parent's past performance and relative fitness, each parent's ability to guide and provide for the child['s] overall well-being and the willingness of each to foster a positive relationship between the child[ ] and the other parent" (*Matter of Kilmartin v Kilmartin*, 44 AD3d 1099, 1102 [2007]; *see Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]).

Here, the record reflects that the father has taken the more

proactive role in parenting the child, and that he is able to provide the child with greater stability, given his more consistent employment history and living arrangements. In contrast, the mother has disparaged the father in front of the child, threatened to shoot the father if he tried to exercise visitation, threatened to flee with the child if the father obtained custody, and otherwise attempted to hinder the father's relationship with the child in order to gain a tactical advantage in this proceeding. Moreover, although the mother correctly argues that "siblings should be kept together if possible, that rule has become more complicated due to changing family dynamics" (*Matter of Tavernia v Bouvia*, 12 AD3d 960, 962 [2004]). Inasmuch as the child never shared a household with the mother's older son, Family Court properly concluded that other considerations outweighed the benefit to the child of placing her with the mother (*see id.* at 962; *Matter of Chant v Filippelli*, 277 AD2d 741, 742-743 [2000]; *see also Matter of Dunaway v Espinoza*, 23 AD3d 928, 929-930 [2005]). In our view, given the totality of the circumstances, Family Court's determination has a sound and substantial basis in the record and, thus, there is no basis to disturb the award of custody to the father (*see Matter of Kilmartin v Kilmartin*, 44 AD3d at 1102-1103; *Matter of Anson v Anson*, 20 AD3d at 604; *Matter of Ebel v Urlich*, 273 AD2d 530, 531 [2000]).

Turning to the mother's remaining arguments, we note that "[a]lthough always highly recommended and strongly encouraged, the appointment of a Law Guardian is a matter within Family Court's discretion" (*Matter of Ebel v Urlich*, 273 AD2d at 532; *see Matter of Amato v Amato*, 51 AD3d 1123, 1124 [2008]). In light of the extensive, detailed testimony given in this case, as well as the home evaluations conducted at the mother's request, we reject the mother's contention that Family Court abused its discretion in declining to appoint a law guardian (*see Matter of Comins v Briggs*, 25 AD3d 842, 844 [2006]; *Matter of Ebel v Urlich*, 273 AD2d at 532; *Matter of Walker v Tallman*, 256 AD2d 1021, 1022 [1998], *lv denied* 93 NY2d 804 [1999]). Finally, there is no support in the record for the mother's assertions of "lingering . . . judicial bias" and ineffective assistance of counsel.

Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.