In the Matter of LESLIE G. JOHNPEER, Appellant, v JODIE WILLIAMS, Respondent. (And Another Related Proceeding.) [903 NYS2d 205]—

McCarthy, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered January 21, 2009, which,

among other things, granted respondent's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' children.

When the parties ceased living together in 2001, they entered into an informal agreement to equally share time with their two children (born in 1999 and 2000), exchanging the children each Wednesday and either Saturday or Sunday. They followed this agreement until 2008, when petitioner (hereinafter the mother) commenced a proceeding for joint custody and primary placement of the children. Respondent (hereinafter the father) then commenced a proceeding seeking physical custody. Family Court granted joint custody with primary physical custody to the father and visitation to the mother, including two of every three weekends, Monday evening after the week she did not have weekend visitation, and half of school breaks and summer vacation. The mother appeals.

We affirm. A court making an initial determination of custody must make every effort to discern what arrangement will promote the children's best interests (*see Matter of Bush v Stout*, 59 AD3d 871, 872 [2009]; *Matter of Hissam v Mackin*, 41 AD3d 955, 956 [2007], *lv denied* 9 NY3d 809 [2007]; *Matter of Anson v Anson*, 20 AD3d 603, 603-604 [2005], *lv denied* 5 NY3d 711 [2005]). Giving deference to Family Court's ability to observe the witnesses and assess their credibility during the hearing, this Court will not disturb Family Court's determination if it is supported by a sound and substantial basis in the record (*see Matter of Bush v Stout*, 59 AD3d at 873). Such a basis exists here.

Both parents have provided adequate homes and cared for the children for seven years under their informal agreement with only minor disagreements, making joint custody appropriate (*see Matter of Haran-Buckner v Buckner*, 188 AD2d 705, 707 [1992]). As for physical placement, Family Court found that the father provided a more stable environment. He is married and his wife is actively involved with the children, whereas the mother's boyfriend testified that they have broken up three or four times over what he characterized as stupid disagreements. The father and his wife have been more active recently in dealing with the children's medical and educational issues. The children were tardy for school 11 days when they were with the mother, but none when with the father.

The children's pediatrician testified that the older child has been diagnosed with attention deficit hyperactivity disorder and is at risk for childhood obesity. After the mother missed giving the child her medicine for several days, the school began

administering it on the mother's custodial days to ensure that the child could concentrate in class. While the father's wife may have overemphasized weight issues, she and the father were seriously attempting to address the children's health. On the other hand, the mother apparently contributed to the children's bad eating habits. The pediatrician opined that structure and stability were essential for dealing with attention deficit hyperactivity disorder, and transitions during the week could be disruptive. One child's teacher testified that the child was more prepared, better rested and had always taken her medicine when coming from the father's home as opposed to days when she came from the mother's home. Considering the totality of the parties' circumstances, Family Court rationally determined that the children's best interests would be promoted by placing them with the father throughout the school week, thereby avoiding midweek transitions (*see Matter of Bush v Stout*, 59 AD3d at 872; *Matter of Anson v Anson*, 20 AD3d at 604). While the children now have somewhat less time with the mother, the visitation awarded to her was frequent and the parties are free to agree to additional visitation, as they live only a mile apart.

Peters, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.