■ In the Matter of MICHELE S. CHILBERT, Respondent, v ARCANGEL L. SOLER, Appellant. (Appeal No. 1.) [907 NYS2d 757]—

Appeal from an order of the Family Court, Ontario County (Maurice E. Strobridge, J.H.O.), entered August 12, 2009 in a proceeding pursuant to Family Court Act article 6. The order awarded petitioner sole custody of the parties' child, with supervised visitation with respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent father appeals from an order awarding petitioner mother sole custody of the parties' child, with supervised visitation with the father. In making an initial custody determination, "Family Court was required to consider the best interests of the child by reviewing such factors as 'maintaining stability for the child, . . . the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent' " (*Kaczor v Kaczor*, 12 AD3d 956, 958 [2004]). Contrary to the contention of the father, those factors weigh heavily in the mother's favor, and the court's determination that the child's best interests will be served by an award of sole custody to the mother has a sound and substantial basis in the record (*see Matter of Shaw v Antes*, 274 AD2d 679, 680-681 [2000]; *see also Matter of Tompkins v Holmes*, 27 AD3d 846, 847 [2006]). The further determination "whether visitation should be supervised is a matter 'left to Family Court's sound discretion and it will not be disturbed as long as there is a sound and substantial basis in the record to support it' " (*Matter of Taylor v Fry*, 47 AD3d 1130, 1131 [2008]). Here, the record establishes that the father committed acts of domestic violence against the mother, often in the child's presence, and that he threatened to kill the mother and leave with the child. In addition, the conduct of the father during the hearing demonstrated his inability to control his behavior (*see Matter of Simpson v Simrell*, 296 AD2d 621 [2002]). Thus, "[al]though there is no direct evidence that [the father] had ever directed his anger at his daughter or had harmed her in any way . . . , his inability to control his anger in the presence of his daughter is detrimental to the child's best interest[s] . . . [, and] the record provides no basis to disturb Family Court's conclusion that limiting [the father] to supervised visitation was in the child's best interest[s]" (*id.* at 621-622).

In appeal No. 2, the father appeals from an amended order of protection pursuant to Family Court Act article 8, entered upon the court's determination following a fact-finding hearing that he committed the family offense of harassment in the second degree (*see* Family Ct Act § 832; Penal Law § 240.26 [1], [3]). The record does not support the father's contention that the court based its determination on facts not alleged in the family offense petition (*cf. Matter of Felicia W. v Chandler C.*, 9 AD3d 830 [2004]). Rather, a fair preponderance of the credible evi-

dence supports the court's determination sustaining the allegations of the petition that the father committed acts constituting the family offense of harassment in the second degree and warranting the issuance of an order of protection (*see Matter of Kaur v Singh*, 73 AD3d 1178 [2010]).

We reject the further contention of the father in appeal No. 2 that he received ineffective assistance of counsel at the fact-finding hearing on the family offense petition. " 'It is not the role of this Court to second-guess the attorney's tactics or trial strategy' . . . and, based on our review of the record, we conclude that the [father] received meaningful representation" (*Matter of Derrick C.*, 52 AD3d 1325, 1326 [2008], *lv denied* 11 NY3d 705 [2008]; *see Matter of Nagi T. v Magdia T.*, 48 AD3d 1061 [2008]). Present—Fahey, J.P., Carni, Lindley, Green and Gorski, JJ.