Matter of Buckley v Kleinahans (2018 NY Slip Op 04195)





Matter of Buckley v Kleinahans


2018 NY Slip Op 04195


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


670 CAF 17-01332

[*1]IN THE MATTER OF MICHAEL J. BUCKLEY, PETITIONER-APPELLANT,
v
JACQUELYN KLEINAHANS, RESPONDENT-RESPONDENT. 






AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF COUNSEL), FOR PETITIONER-APPELLANT. 
DAVIS LAW OFFICE PLLC, OSWEGO (STEPHANIE N. DAVIS OF COUNSEL), FOR RESPONDENT-RESPONDENT.
SAMUEL J. SUGAR, FULTON, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Oswego County (Thomas Benedetto, R.), entered July 14, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent sole legal and physical custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father appeals from an order that, inter alia, awarded respondent mother sole legal and physical custody of the parties' two children. We reject the father's contention that Family Court's determination is not supported by a sound and substantial basis in the record. In making an initial custody determination, the court is "required to consider the best interests of the child by reviewing such factors as maintaining stability for the child, . . . the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent' " (Kaczor v Kaczor, 12 AD3d 956, 958 [3d Dept 2004]; see Matter of Chilbert v Soler, 77 AD3d 1405, 1406 [4th Dept 2010], lv denied 16 NY3d 701 [2011]). We agree with the court that those factors weigh in the mother's favor, especially with respect to the last factor, and thus the court's determination that it is in the children's best interests to award sole custody to the mother has a sound and substantial basis in the record (see Matter of Shaw v Antes, 274 AD2d 679, 680-681 [3d Dept 2000]).
The father failed to preserve for our review his contention that the court was biased against him because he failed to make a motion asking the court to recuse itself (see Matter of Shonyo v Shonyo, 151 AD3d 1595, 1596 [4th Dept 2017], lv denied 30 NY3d 901 [2017]). The father also failed to preserve for our review his contention that the Attorney for the Children (AFC) was biased against him because he failed to make a motion seeking the AFC's removal (see Matter of Elniski v Junker, 142 AD3d 1392, 1393 [4th Dept 2016]).
We reject the father's contention that he was denied effective assistance of counsel at the hearing on the ground that counsel failed to renew his request for an adjournment. " There is no denial of effective assistance of counsel . . . arising from a failure to make a motion or argument that has little or no chance of success' " (Matter of Lundyn S. [Al-Rahim S.], 144 AD3d 1511, 1512 [4th Dept 2016], lv denied 29 NY3d 901 [2017]). We further reject the father's contention with respect to the remaining instances of alleged ineffective assistance of counsel inasmuch as he did not " demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998]; see Matter of Elijah D. [Allison D.], 74 AD3d 1846, 1847 [4th Dept 2010]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court