Matter of Lopez v Rodriguez (2026 NY Slip Op 01064)

Matter of Lopez v Rodriguez

2026 NY Slip Op 01064

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-11086
 (Docket No. V-1347-24)

[*1]In the Matter of Elaine Hernandez Lopez, appellant,
vMichael Rodriguez, respondent.

Legal Aid Society of Orange County, Goshen, NY (Donald M. Card, Jr., of counsel), for appellant.
Warren S. Hecht, Forest Hills, NY, for respondent.
Children's Rights Society, Goshen, NY (Kristy Horaz of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated October 11, 2024. The order, without a hearing, sua sponte, dismissed the petition for failure to submit an acknowledgment of paternity.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for a hearing and a new determination thereafter of the petition.
The mother and the father, who were never married, have one child together, a daughter, born in 2011 in Pennsylvania. On March 14, 2024, the mother commenced this proceeding pursuant to Family Court Act article 6 for custody of the subject child. The mother alleged that the father had signed an acknowledgment of paternity with regard to the child on February 23, 2011. The mother did not attach a copy of the acknowledgment of paternity to the petition.
On August 12, 2024, the mother and her attorney appeared before the Family Court on the petition, which had been served on the father on July 24, 2024. The father did not appear in court. The court appointed an attorney for the child and adjourned the matter for an inquest, directing the mother to submit the acknowledgment of paternity prior thereto.
On September 10, 2024, the scheduled date for the inquest, the parties and their attorneys, as well as the attorney for the child, appeared before the Family Court. At that time, the mother still did not have a copy of the acknowledgment of paternity.
In an order dated October 11, 2024, the Family Court, without a hearing, sua sponte, dismissed the petition based on the mother's failure to submit the acknowledgment of paternity. The mother appeals.
Although on the scheduled inquest date the mother was unable, despite diligent efforts, to produce the acknowledgment of paternity as previously directed by the Family Court, her failure to do so did not deprive the court of the power to render a child custody determination. Rather, the court had the authority to make an order of filiation declaring the paternity of the child in this proceeding in accordance with Family Court Act § 564 (see Matter of Comins v Briggs, 25 AD3d 842, 843). Of note, both the mother and the father appeared in this proceeding, and the father did not dispute paternity. Further, the mother had in her possession the child's Pennsylvania birth certificate on which the father was listed as the child's father (see generally Public Health Law § 4103[2], [3]). Under Pennsylvania law, since the parties were not married at the time of the child's birth, the father could only be listed on the birth certificate as the child's father if the parties signed a voluntary acknowledgment of paternity or there was a legal adjudication of paternity (see 23 Pa.C.S.A. § 5103[i]; see also Public Health Law § 4135[2]). Moreover, the parties and the attorney for the child were all in favor of resolution of the petition on the merits.
Under the circumstances, the Family Court should not have, sua sponte, dismissed the petition without conducting a hearing or considering the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). Accordingly, we remit the matter to the Family Court, Orange County, for a hearing and a new determination thereafter of the petition.
The remaining contention is academic in light of our determination.
DILLON, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court