■ In the Matter of JAMES U., Respondent-Appellant, v SUSAN U., Appellant-Respondent.—Kane, J. Cross appeals from an order of the Family Court of Saratoga County (Ferradino, J.), entered August 15, 1986, which, *inter alia,* granted petitioner's application to find respondent in violation of a visitation order and denied respondent's application to terminate petitioner's visitation rights.

In May 1985 petitioner established paternity of two children, Lauren U. and Matthew U.,[1] born out of wedlock to respondent, his ex-wife. Based on the determination of paternity, temporary orders providing for support and visitation were entered by Family Court and the matter was adjourned for further proceedings.

In July 1985, petitioner filed two applications with Family

---

1. Lauren was born on May 17, 1982 and Matthew was born on March 17, 1984.

Court seeking custody of the children and requesting that respondent be found in violation of the visitation order. Subsequently, respondent filed a petition alleging that petitioner had sexually abused Lauren, requesting exclusive custody of the children and termination of petitioner's visitation rights. In September 1985, two petitions were filed by the Saratoga County Commissioner of Social Services alleging that petitioner neglected Matthew and abused Lauren.

Following a full hearing on the matter, Family Court ruled that the evidence presented was insufficient to establish abuse or neglect of the children by petitioner and ordered visitation to resume. The court also found respondent to be in willful violation of a prior visitation order and issued a suspended sentence of 90 days in the Saratoga County Jail to ensure respondent's future compliance with the visitation order. Custody was awarded to respondent, but in the event that the jail sentence is to be served, custody would be transferred to petitioner. These cross appeals ensued.

Initially, we note that the Commissioner of Social Services has not appealed from the dismissal of its neglect and abuse petitions. Accordingly, the dismissal of these petitions is not at issue here.

We have conducted a careful review of the record and find no reason to disturb Family Court's resolution of the credibility issues presented herein. However, under the circumstances of this case, we find that Family Court abused its discretion by not providing for supervised visitation and for mandatory counseling. Even if the allegations of abuse and neglect are rejected, it is undisputed that Lauren has rather severe emotional problems. This fact, together with the obvious acrimony displayed by the parties to each other, leads inexorably to the conclusion that mandatory counseling for both the children and parents is in the best interests of the children.[2] Further, given the children's present emotional state, we find that, in the best interests of the children, visitation by the father must be supervised (see, Friederwitzer v Friederwitzer, 55 NY2d 89, 93-95; Matter of Lyng v Lyng, 112 AD2d 29). The matter should therefore be remitted to Family Court for further proceedings consistent with the above conclusions.

We find no error in Family Court's finding that respondent willfully violated the visitation order. In fact, respondent even admitted this, stating "I knew I could get in trouble". The

2. In his brief, petitioner states that he would voluntarily submit to counseling.

penalty imposed for such violation, when viewed in light of the fact that it was suspended upon the condition respondent comply with future visitation orders, was not an abuse of discretion. In light of our finding with respect to visitation, we would, however, delete that part of the court's order which would give custody to petitioner if respondent is forced to spend time in jail.

We have reviewed the parties' remaining contentions and find that none of these arguments require reversal. We only hope that through counseling and supervised visitation, the parties will be able to overcome their problems and that petitioner can reestablish a meaningful parental relationship with his children.

Order modified, on the law and the facts, without costs, by deleting those portions thereof that allowed petitioner unsupervised visitation with his children and that awarded custody to petitioner in the event respondent is incarcerated; matter remitted to the Family Court of Saratoga County for the purpose of having that court provide for supervised visitation by petitioner and to direct that the parties submit to mandatory counseling; and, as so modified, affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.