■ In the Matter of SHANE MM., Appellant, v FAMILY AND CHILDREN SERVICES et al., Respondents. (And Another Related Proceeding.) [720 NYS2d 219] —Mugglin, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered January 11, 1996, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of his out-of-wedlock daughter and ordered that petitioner's consent to the adoption of the child is not required.

As a result of counseling with a social worker for respondent Family and Children Services (hereinafter F&CS), April E. (hereinafter the mother) placed her out-of-wedlock daughter in a foster home. When the social worker contacted petitioner, the child's biological father, in Texas seeking his surrender of the child for adoption, he responded by coming to this State to pursue custody of his daughter. To that end, on June 15, 1995, petitioner commenced this custody proceeding in Family Court. Approximately one week later, a married couple petitioned Surrogate's Court for adoption of the child and later petitioned

Family Court to intervene in the custody proceeding. They also sought an order dispensing with petitioner's consent to the adoption of his child. F&CS filed an answer in the custody proceeding and cross-petitioned for, *inter alia*, an order placing the child in its temporary custody and consolidation of the custody proceeding with the adoption proceeding.

Family Court's first fact-finding hearing resulted in an order, *inter alia*, granting temporary custody to F&CS, determining that a fact-finding hearing be held on the issue of sole custody, directing that petitioner undergo a psychiatric examination prior to that hearing and ordering supervised visitation for petitioner. At the conclusion of the second fact-finding hearing, Family Court, *inter alia*, denied petitioner's custody petition, found that petitioner's consent to the adoption was not required, ordered that the child remain in the custody of her prospective adoptive parents and vacated its previous order awarding temporary visitation to petitioner. Petitioner now appeals, asserting that four evidentiary rulings by Family Court in the course of these two hearings constitute reversible error.

While we agree that some error occurred, in the context of this case we perceive it to be harmless and therefore affirm. First, petitioner asserts that he was unable to effectively cross-examine F&CS's social worker and the mother about the content of counseling sessions because Family Court ruled that the social worker's notes were privileged pursuant to CPLR 4508 (a). This ruling was error since the social worker in question was not certified (*see*, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4508, at 14). Moreover, petitioner's failure to object after eliciting on cross-examination from the social worker that she was not certified is irrelevant (*see*, *Marten v Eden Park Health Servs.*, 250 AD2d 44, 46-47), since F&CS, which asserted the privilege, did not establish its existence, but merely asserted it in blanket form (*see*, *McCarthy v Klein*, 238 AD2d 552, 554). Nevertheless, the error is harmless (*see*, CPLR 2002). The mother and social worker were testifying at the temporary custody hearing at which other evidence established petitioner's past convictions, his drug use, his involuntary commitment to a Colorado mental facility, his suicide attempts and his severe mood swings. A review of this testimony establishes that it was clearly in the child's best interest to temporarily award custody to F&CS (*see*, *Matter of Robert GG. v Kathleen HH.*, 273 AD2d 713).

Next, we disagree with petitioner that Family Court erred by not striking answers alleged to be unresponsive when the court allowed the social worker to expand her answer beyond

the yes or no response that petitioner sought. The scope of cross-examination is a matter which lies within the discretion of the trial court (*see, Matter of Mi-Kell V.*, 226 AD2d 810; *Matter of Devanand S.*, 188 AD2d 533) and we perceive no abuse of discretion in this record nor prejudice to petitioner from the answers given.

Next, petitioner asserts that the admission into evidence of a text entitled "Diagnostic and Statistical Manual, Fourth Edition" during the testimony of respondent's psychiatrist in the first hearing was error as it was either irrelevant or impermissible bolstering of the testimony. Family Court admitted the text with the caveat that it would not rely on any portions of the text other than those portions dealing with the subject matter of the psychiatrist's testimony—the characteristics of an antisocial personality. While medical texts are generally inadmissible as substantive evidence (*see, Foggett v Fischer*, 23 App Div 207, 209), Family Court received it only to summarize and clarify the psychiatrist's testimony. Moreover, the admission of the text was harmless, as that portion relied upon by Family Court contained material that "had already been independently elicited" on direct examination (*Green Is. Assocs. v Lawler, Matusky & Skelly Engrs.*, 170 AD2d 854, 857).

Lastly, petitioner asserts that in the second hearing, Family Court erred by admitting certain records of the Tompkins County Red Cross, Mesa County Probation Department and Colorado Mental Health Institute in their entirety. Initially, we note that this argument was not raised before Family Court and is therefore not preserved for our review (*see, Matter of Lane Constr. Corp. v Cahill*, 270 AD2d 609, 611, *lv denied* 95 NY2d 765). Moreover, were we to consider this issue we would find it to be without merit. Admission of the entire file will not violate fundamental fairness when the opposing attorney is given the opportunity to examine it prior to the hearing (*see, Matter of Leon RR*, 48 NY2d 117; *Matter of Lisa Ann U.*, 75 AD2d 944, *revd on other grounds* 52 NY2d 1055). Clearly, when the out-of-State files were received by Family Court, the court sent a notice to both counsel, one week prior to the hearing, that the files were available for inspection.

Next, we agree with petitioner that Family Court erred in admitting the Tompkins County Red Cross file pursuant to the business records exception (*see,* CPLR 4518 [a]) since this file clearly contained statements from persons who were under no business duty to report such information to the Red Cross (*see, Johnson v Lutz*, 253 NY 124, 127-128). We also agree with petitioner that the out-of-State probation records and mental

health records were not properly authenticated pursuant to CPLR 4518 (c) and were not therefore admissible. Nevertheless, we again find that the admission of all these records is harmless error in the context of this case. In addition to the two psychiatrists who testified about the findings of their independent examinations of petitioner, which they found were corroborated by the out-of-State records, petitioner himself testified to his mental health and criminal history. Consequently, we find that despite the admission of these files into evidence, the record contains sufficient other evidence to properly support Family Court's ultimate conclusion that petitioner suffered from a mental illness sufficient to terminate his rights to his daughter and allow her adoption to proceed without his consent (*see*, Domestic Relations Law § 111 [2] [d]; Social Services Law § 384-b; *see also*, *Matter of Vaketa Y.*, 141 AD2d 892, 893-894). Moreover, the admissible evidence in this case overwhelmingly establishes petitioner's prior criminal record, mental illness, drug use, inability to establish a stable residence and inability to attain and maintain gainful employment, all of which mandate affirmance of Family Court's determinations.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.