■ In the Matter of PENNY K., Respondent, v ALESHA T., Appellant, et al., Respondent. [834 NYS2d 760]—

Appeal from an order of the Family Court, Monroe County (Julie Anne Gordon, R.), entered February 14, 2005 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded sole custody of the child to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent mother (respondent) appeals from an order awarding sole custody of her son to petitioner, the child's paternal grandmother. Contrary to respondent's contention, Family Court properly determined that extraordinary circumstances exist and that the child's best interests are served by the award of custody to petitioner based on respondent's voluntary relinquishment of physical custody of the child and respondent's persistent neglect of the child's health and well-being (*see e.g. Matter of Eleanore B.R. v Shandy S.*, 12 AD3d 1101 [2004], *lv denied* 4 NY3d 705 [2005]; *Matter of McDevitt v Stimpson*, 1 AD3d 811, 812-813 [2003], *lv denied* 1 NY3d 509 [2004]; *Matter of Pamela S.S. v Charles E.*, 280 AD2d 999 [2001]; *Matter of Bisignano v Walz*, 164 AD2d 317, 319-320 [1990]).

We agree with respondent that the Referee erred in admitting in evidence the narrative portion of a child protective services investigation summary as a business record exception to the hearsay rule. An indicated child protective services report may be admissible in evidence to the extent that it qualifies as a business record (*see Matter of Nicole VV.*, 296 AD2d 608, 613 [2002], *lv denied* 98 NY2d 616 [2002]; *see also Matter of Brockington v Alexander*, 26 AD3d 884, 885 [2006]). Here, however, the narrative portion of the investigation summary does not come within the business record exception to the hearsay rule because the source of the information contained in that portion of the summary is unknown, and we therefore are unable to determine whether the source of the information was "under [a] business duty to report such information" (*Matter of Shane MM. v Family & Children Servs.*, 280 AD2d 699, 701 [2001]). Nevertheless, we conclude that any error in admitting the narrative portion of the summary is harmless because there

otherwise is ample evidence in the record establishing the existence of extraordinary circumstances (*see generally id.* at 701-702; *Nicole VV.*, 296 AD2d at 613). Present—Gorski, J.P., Lunn, Fahey, Green and Pine, JJ.