■ In the Matter of Dakota S., an Infant. Chautauqua County Department of Social Services, Respondent; Charity S., Respondent, and Eric S., Appellant. (Appeal No. 1.) [842 NYS2d 665]—

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered June 20, 2006 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, adjudged that the child is a permanently neglected child and terminated the parental rights of respondent Eric S.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In these three consolidated appeals, respondent father appeals from orders terminating his parental rights with respect to each of his three children, committing their guardianship and custody to petitioner, and freeing them for adoption. Contrary to the father's contention, petitioner met its burden of establishing by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen the parental relationship by providing "services and other assistance aimed at ameliorating or resolving the problems preventing [the children's] return to [the father]'s care" (*Matter of Kayte M.*, 201 AD2d 835, 835 [1994], *lv denied* 83 NY2d 757 [1994]; *see* Social Services Law § 384-b [7] [a]; *Matter of Geoffrey N.*, 16 AD3d 1167 [2005]; *see generally Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]). Petitioner also met its burden of establishing that, despite those efforts, the father "failed substantially and continuously or repeatedly to plan for the future of the children for a period of more than one year following their placement with petitioner, although physically and financially able to do so" (*Matter of Susan C.*, 1 AD3d 991, 991

[2003]; *see* Social Services Law § 384-b [7] [a]; *see generally Star Leslie W.*, 63 NY2d at 142-143). The father failed to comply with the requirements of his service plan inasmuch as he, inter alia, did not successfully complete sexual abuse counseling. Contrary to the father's further contention, Family Court did not abuse its discretion in refusing to enter a suspended judgment. Although the father made some progress after petitioner commenced these proceedings, the record of the dispositional hearing establishes that he continued to deny his history of sexual abuse, had no stable housing, failed to comply with the terms of the required sexual abuse and parenting counseling, and failed to visit with the children on a regular basis. Thus, any progress made by the father "was not sufficient to warrant any further prolongation of the child[ren]'s unsettled familial status" (*Matter of Maryline A.*, 22 AD3d 227, 228 [2005]).

We agree with the father that certain portions of a report prepared in Georgia pursuant to the Interstate Compact on the Placement of Children constituted hearsay and that the court erred in admitting those portions of the report in evidence because petitioner failed to establish that the reporting party was under a business duty to report the information (*see generally Matter of Penny K. v Alesha T.*, 39 AD3d 1232, 1233 [2007]; *Matter of Shane MM. v Family & Children Servs.*, 280 AD2d 699, 701 [2001]). The error is harmless, however, because the hearsay evidence was relevant only with respect to the issue whether the father should be required to participate in sexual abuse counseling, and that issue was decided in an earlier placement order from which the father did not appeal.

We have considered the father's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Pine, JJ.