Appeal from an order of the Family Court, Ontario County (Maurice E. Strobridge, J.H.O.), entered June 21, 2007 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded custody of petitioner’s child to respondent.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father appeals from an order that, inter alia, awarded custody of his one-year-old child to respondent, the child’s maternal grandfather. By failing to object to the Law Guardian’s continued representation of the child, the father failed to preserve for our review his contention that Family Court should have disqualified the Law Guardian because she discussed matters relating to visitation with the grandfather during the course of the proceedings (see generally Matter of Wood v Hargrave, 292 AD2d 795 [2002], lv denied 98 NY2d 608 [2002]; Matter of Lisa S. v William S., 187 AD2d 435 [1992]). In any event, we reject the father’s characterization of the Law Guardian’s discussions with the grandfather as legal advice. The grandfather had temporary custody of the child, and we conclude that the Law Guardian acted appropriately in her role as the legal representative of the child.
The father also failed to preserve for our review his conten *1184 tion that the court erred in admitting hearsay testimony in evidence at the hearing. In any event, we conclude that any error in the admission of the hearsay testimony in question is harmless inasmuch as all but one of the hearsay declarants testified at the hearing and were available for cross-examination, and the evidence demonstrating that the father was an unfit parent was overwhelming (see generally Matter of Penny K. v Alesha T., 39 AD3d 1232, 1233-1234 [2007]). As we have concluded, the court did not err in admitting the hearsay testimony and, thus, contrary to the further contention of the father, it cannot be said that his attorney was ineffective for failing to object to the admission of the hearsay testimony.
Also contrary to the contention of the father, we conclude that the grandfather established the existence of the requisite extraordinary circumstances to warrant inquiry into the best interests of the child with respect to the issue of custody (see generally Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]; Matter of Kreger v Newell, 221 AD2d 630, 630-631 [1995]). The evidence presented at the hearing established that the father voluntarily relinquished physical custody of the child to the grandfather and that the father is otherwise unfit to regain custody of the child, in view of his history of violence with the child’s mother and his unstable living arrangements (see generally Matter of Cote v Brown, 299 AD2d 876, 877 [2002]). We further conclude that the award of custody to the grandfather is in the best interests of the child (see generally Matter of Dickson v Lascaris, 53 NY2d 204, 208-209 [1981]; Bennett, 40 NY2d at 548). Finally, we reject the contention of the father that the court erred in limiting his visitation. The record establishes that the father, who was represented by counsel, agreed to the terms of visitation. Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.