# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**157**

**CAF 10-00589**

PRESENT: SMITH, J.P., CARNI, SCONIERS, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF DONNA BLACK,
PETITIONER-APPELLANT,

V                                               MEMORANDUM AND ORDER

JOHN PAUL WATSON, RESPONDENT-RESPONDENT.

---

MARY R. HUMPHREY, NEW HARTFORD, FOR PETITIONER-APPELLANT.

JOHN G. KOSLOSKY, ATTORNEY FOR THE CHILDREN, UTICA, FOR JONISSA H. AND JAHQUIN H.

---

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered January 19, 2010 in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that respondent did not willfully violate an order of the court and suspended petitioner's visitation with the parties' children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, petitioner mother appeals from an order that, inter alia, suspended her visitation with the parties' children until further order of Family Court and adjudged that respondent father should not be sanctioned for violating a prior order regarding certain letters written by the parties' children. We reject the contention of the mother that the court erred in modifying the prior order of visitation by suspending her visitation. It is well settled that, "[w]here an order of . . . visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the children" (*Matter of Hight v Hight*, 19 AD3d 1159, 1160 [internal quotation marks omitted]; *see Matter of Donnelly v Donnelly*, 55 AD3d 1373). Here, the parties stipulated to certain testimony at the hearing on their respective petitions, and the stipulated testimony was sufficient, if accepted by the court, to establish the requisite change in circumstances. The prior order required the mother to pay the cost of transporting the father and the children to the correctional facility in which she was incarcerated, and the mother stipulated to the evidence establishing that she failed to do so. In addition, contrary to the contention of the mother, the court's "determination that it was in the best interests of the subject

child[ren] to suspend [her] visitation with [them] has a sound and substantial basis in the record and, thus, we decline to disturb it" (*Matter of Balgley v Cohen*, 73 AD3d 1038, 1038; *see generally Matter of Cross v Davis*, 298 AD2d 939).  We have considered the mother's remaining contentions and conclude that they are without merit.