■ In the Matter of RENEE J., Respondent, v AARON J., Appellant. (And Four Other Related Proceedings.) [917 NYS2d 368]—

McCarthy, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered January 4, 2010, which, among other things, granted petitioner's application, in five proceedings pursuant to Family Ct Act articles 6 and 8, for custody of the parties' child.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 2006 and are the parents of a daughter (born in 2005). After the parties separated in May 2009, the mother filed a petition seeking custody of the child, as well as a family offense petition against the father. Family Court issued a temporary order of protection in favor of, among others, the mother and the child. That order was later amended and the court issued a temporary order of visitation detailing the father's parenting time with the child. In August 2009, the father cross-petitioned for custody, and also filed petitions seeking a finding of contempt against the mother and enforcement of the temporary order of visitation. Following a fact-finding

hearing, Family Court dismissed the father's petitions and awarded sole custody to the mother, with visitation to the father on Tuesdays and Thursdays from 4:00 P.M. to 7:00 P.M. and Sundays from 10:00 A.M. to 6:00 P.M. This appeal by the father ensued.

Inasmuch as this was an initial custody determination, "Family Court was required to consider the best interests of the child by reviewing such factors as maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005] [internal quotation marks and citations omitted]; *see Matter of Holle v Holle*, 55 AD3d 991, 991-992 [2008]). Notably, in light of "the advantageous position of Family Court to evaluate the testimony and assess the credibility of witnesses, we accord great deference to that court's custodial determination provided that it is supported by a sound and substantial basis in the record" (*Matter of Torkildsen v Torkildsen*, 72 AD3d 1405, 1406 [2010]).

Considering the above principles, we conclude that Family Court properly awarded custody to the mother. Although both parents testified as to their close bond with the child and desire for her to have a strong relationship with the other parent, the record supports Family Court's concern over, among other things, several lapses in judgment on the part of the father. These included his action in walking around the house carrying a shotgun following a heated domestic dispute with the mother and, additionally, his attempt to show his then-13-year-old stepdaughter "videos on his computer of people having sex." As for the mother, the record supports the finding that prior to the separation she provided substantial care for the child, who has numerous medical needs, and fostered a close relationship between the child and her half sister. Under all the circumstances, we find that there is a sound and substantial basis in the record supporting Family Court's custody determination.

We have examined the father's remaining arguments, including his claim that Family Court erred in awarding him less visitation following the fact-finding hearing than pursuant to the temporary visitation order, and find them to be unpersuasive.

Peters, J.P., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.