■ In the Matter of JOLYNN W., Appellant, v VINCENT X., Respondent. (And Nine Other Related Proceedings.) [924 NYS2d 608]—

Garry, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 1, 2009, which, among other things, granted respondent's application, in 10 proceedings pursuant to Family Ct Act articles 6 and 8, for custody of the parties' child.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child born in 2004. The child resided with the mother until November 2008, when both parties filed custody and family offense petitions and Family Court issued a temporary order of protection directing that the child reside with the father. The mother was granted supervised visitation and telephone contact with the child, and proceeded to file several petitions alleging interference with that access and seeking modification of custody. Family Court conducted a hearing and issued an order that, among other things, awarded the father sole legal and physical custody of the child and continued the mother's supervised visits. The mother now appeals and we affirm.

The primary concern in any custody determination is the best interest of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]), which is determined "by reviewing such factors as maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Kaczor v Kaczor*, 12 AD3d 956, 958 [2004] [internal quotation marks and citation omit-

ted]; *accord Matter of Renee J. v Aaron J.*, 81 AD3d 1115, 1116 [2011]). Here, investigators who visited the mother initially found her residence to be cluttered, dirty and inappropriate for the child, with tobacco and drug paraphernalia strewn about and a bathroom covered in cat feces and urine.\* The father testified that the child was frequently unwashed and barefoot—despite his repeatedly buying shoes for her—when he had previously exercised visitation. The mother further admitted that she permitted transients and a convicted sex offender to reside at her home, and only asked the latter to leave "because [she] didn't want [her] address on a sexual offender registry." She is also facing criminal charges arising from her allegedly striking the child and falsely reporting incidents involving the father.

By way of contrast, since the child has been in the father's care, he has provided appropriate living arrangements for the child, enrolled her in preschool and obtained medical treatment for her, which included bringing her up to date on her vaccinations. The father further testified that any lapses in the mother having access to the child were not of his making, despite her efforts to inappropriately involve the child in the custody proceedings. Giving deference to Family Court's resolution of credibility issues in favor of the father, we find there to be a sound and substantial basis in the record to support its custody determination (*see Matter of Belinda YY. v Lee ZZ.*, 74 AD3d 1394, 1396 [2010]; *Matter of Cole v Reynolds*, 8 AD3d 703, 704-705 [2004]).

We are also unpersuaded by the mother's claim that she received ineffective assistance of counsel. The mother expressed dissatisfaction with her court-appointed attorney and delayed in seeking the assignment of new counsel, despite being reminded and cautioned by Family Court that new counsel must be prepared to proceed. Her counsel was ultimately assigned only two weeks prior to the hearing on the various pending petitions, but

---

\* The investigators' visit occurred following multiple reports made to the Statewide Central Register of Child Abuse and Maltreatment regarding the child, some of which were not substantiated. The unfounded reports were inadmissible pursuant to Family Ct Act § 651-a, as was testimony "identifying the subjects of the report and other persons named in the report" (Social Services Law § 422 [5] [a]; *see Matter of Timothy M.*, 280 AD2d 969, 970 [2001], *lv denied* 96 NY2d 713 [2001]). Family Court took steps to properly limit the evidence, however, precluding the inadmissible portions. To the extent that evidence prohibited by Family Ct Act § 651-a may have been improperly included, the error was harmless given the other proof in the record supporting the determination (*see Matter of Penny K. v Alesha T.*, 39 AD3d 1232, 1233-1234 [2007]; *Matter of Nicole VV.*, 296 AD2d 608, 613 [2002], *lv denied* 98 NY2d 616 [2002]; *Matter of Shane MM. v Family & Children Servs.*, 280 AD2d 699, 701-702 [2001]).

did not seek an adjournment. At the hearing, counsel successfully sought to limit the scope of discovery, attempted to negotiate a custody agreement, and vigorously cross-examined witnesses and made appropriate objections. Upon review, we are satisfied that the mother received meaningful representation (*see Matter of Ariane I. v David I.*, 82 AD3d 1547, 1549 [2011]; *Matter of Arieda v Arieda-Walek*, 74 AD3d 1432, 1434 [2010]).

The remaining issues raised by the mother have been examined and found to be without merit.

Peters, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.