■ In the Matter of CARYN A. CONSILIO, Appellant, v CHRISTOPHER TERRIGINO, Respondent. [946 NYS2d 364]—

Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered March 17, 2011 in a proceeding pursuant to Family Court Act article 6. The order denied the petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, petitioner mother appeals from an order that denied her petition to modify a prior stipulated order of custody and visitation. The prior stipulated order, inter alia, granted the mother visitation with the parties' child on alternate Saturdays at the correctional facility where she was incarcerated. The mother sought to modify the prior stipulated order to permit overnight visitation with the child through the Family Reunion Program at the correctional facility. The Referee concluded that the mother failed to establish a sufficient change in circumstances warranting modification of the prior stipulated order, but the Referee nevertheless stated that, based on the evidence presented at the hearing, it was not in the best interests of the child to have overnight visitation with the mother at the correctional facility.

Even assuming, arguendo, that the mother established a change in circumstances sufficient to warrant an inquiry into whether overnight visitation was in the best interests of the child (*see Matter of Black v Watson*, 81 AD3d 1316, 1316 [2011], *lv dismissed in part and denied in part* 17 NY3d 747 [2011]; *see also Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417-1418 [2003]), we see no basis to disturb the Referee's determination "inasmuch as it was based on [his] credibility assessments of the witnesses and 'is supported by a sound and substantial basis in the record' " (*Matter of Krug v Krug*, 55 AD3d 1373, 1374 [2008]; *see Black*, 81 AD3d at 1316-1317). We further conclude that any error by the Referee in admitting certain photographs in evidence without proper authentication is harmless (*see generally Matter of Shane MM. v Family & Children Servs.*, 280 AD2d 699, 701 [2001]), inasmuch as the Referee did not rely on those photographs in denying the mother's petition to modify the prior stipulated order (*see Matter of Graham v Thering*, 55 AD3d 1319, 1320 [2008], *lv denied* 11 NY3d 714 [2009]; *Matter of Tracy v Tracy*, 309 AD2d 1252, 1253 [2003]; *Matter of Michael G.*, 300 AD2d 1144, 1145 [2002]). Present—Centra, J.P., Fahey, Peradotto, Carni and Sconiers, JJ.