# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**641**

**CAF 11-00869**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF CARYN A. CONSILIO,
PETITIONER-APPELLANT,

V                                                      MEMORANDUM AND ORDER

CHRISTOPHER TERRIGINO, RESPONDENT-RESPONDENT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF
COUNSEL), FOR PETITIONER-APPELLANT.

DAVIDSON FINK, LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILD, ROCHESTER, FOR PEYTON T.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Monroe County (Thomas
W. Polito, R.), entered March 17, 2011 in a proceeding pursuant to
Family Court Act article 6.  The order denied the petition.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to article 6 of the
Family Court Act, petitioner mother appeals from an order that denied
her petition to modify a prior stipulated order of custody and
visitation.  The prior stipulated order, inter alia, granted the
mother visitation with the parties' child on alternate Saturdays at
the correctional facility where she was incarcerated.  The mother
sought to modify the prior stipulated order to permit overnight
visitation with the child through the Family Reunion Program at the
correctional facility.  The Referee concluded that the mother failed
to establish a sufficient change in circumstances warranting
modification of the prior stipulated order, but the Referee
nevertheless stated that, based on the evidence presented at the
hearing, it was not in the best interests of the child to have
overnight visitation with the mother at the correctional facility.

Even assuming, arguendo, that the mother established a change in
circumstances sufficient to warrant an inquiry into whether overnight
visitation was in the best interests of the child (*see Matter of Black
v Watson*, 81 AD3d 1316, 1316, *lv dismissed in part and denied in part*
17 NY3d 747; *see also Matter of Di Fiore v Scott*, 2 AD3d 1417, 1417-
1418), we see no basis to disturb the Referee's determination
"inasmuch as it was based on [his] credibility assessments of the

witnesses and 'is supported by a sound and substantial basis in the record' " (*Matter of Krug v Krug*, 55 AD3d 1373, 1374; *see Black*, 81 AD3d at 1316-1317). We further conclude that any error by the Referee in admitting certain photographs in evidence without proper authentication is harmless (*see generally Matter of Shane MM. v Family & Children Servs.*, 280 AD2d 699, 701), inasmuch as the Referee did not rely on those photographs in denying the mother's petition to modify the prior stipulated order (*see Matter of Graham v Thering*, 55 AD3d 1319, 1320, *lv denied* 11 NY3d 714; *Matter of Tracy v Tracy*, 309 AD2d 1252, 1253; *Matter of Michael G.*, 300 AD2d 1144, 1145).

Entered:  June 8, 2012                    Frances E. Cafarell
                                          Clerk of the Court