# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1351
CAF 12-01077
PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF JACQUELINE GOLDA,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

LILLIAN RADTKE, RESPONDENT-RESPONDENT.
-----------------------------------------
IN THE MATTER OF LILLIAN RADTKE,
PETITIONER-RESPONDENT,

V

JACQUELINE GOLDA, RESPONDENT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

CLAIR A. MONTROY, III, ORCHARD PARK, FOR RESPONDENT-RESPONDENT AND
PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered May 18, 2012. The order, among other things, adjudged that petitioner-respondent, Jacqueline Golda, is to have three visits per year with the subject children.

It is hereby ORDERED that said appeal is unanimously dismissed insofar as it concerns the oldest child of petitioner-respondent and the order is affirmed without costs.

Memorandum: Petitioner-respondent mother (petitioner) commenced this proceeding seeking to modify visitation with respect to her four biological children. Respondent-petitioner (respondent), petitioner's sister, has custody of the children, and she in turn sought to reduce petitioner's visitation. Following a hearing and an in camera interview with the children, Family Court granted the relief sought by respondent and reduced petitioner's visitation. Initially, we note that any issues concerning visitation with the oldest child are moot because she is now 18 years old (*see Matter of Woodruff v Adside*, 26 AD3d 866, 866). There is no dispute that there was a sufficient change in circumstances since the prior order, and thus the issue before us is whether the court properly determined that the best

interests of the children would be served by a change in visitation (*see Matter of Robert AA. v Colleen BB*., 101 AD3d 1396, 1397, *lv denied* 20 NY3d 860).  " '[T]he propriety of visitation is generally left to the sound discretion of Family Court[,] whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record' " (*id*.).  Here, we conclude that the court's determination has ample support in the record.  Respondent, who supervised petitioner's visits with the children, testified that petitioner did not regularly avail herself of the opportunity to visit the children despite an order allowing her monthly visitation.  Respondent further testified that, when petitioner did visit with the children, the visitation was a negative experience for the children.  Finally, contrary to petitioner's contention, the court "gave proper weight to the children's wishes which, although not controlling, must be considered, particularly where, as here, the children are of sufficient age to articulate their needs and preferences to the court" (*Matter of Lozada v Lozada*, 270 AD2d 422, 422).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court