Rose, J.
Appeal from a decision and an amended order of the Family Court of Tompkins County (Sherman, J.), entered July 20, 2012 and September 24, 2012, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
The parties are the parents of four children, born in 2005, 2006, 2008 and 2009. Supreme Court (Leone, J.) issued an order in 2010 granting sole custody of the children to petitioner (hereinafter the mother) and allowing respondent (hereinafter the father), who is incarcerated, the right to two telephone calls with the children a year. Soon thereafter, the mother consented to the father having regular telephonic contact with the two eldest children during visits with their paternal grandmother, who had visitation rights pursuant to a separate order.
In 2011, the mother commenced these proceedings alleging, among other things, that the father had violated the provisions of the custody and visitation order and requesting that it be modified. Family Court temporarily suspended telephonic contact with the father and, after a fact-finding hearing that included a Lincoln hearing, issued a decision directing that, among other things, the father’s contact be limited to periodic, monitored written communication with the two eldest children. Family Court issued an amended order in September 2012 that embodied the terms of its decision. The father now appeals from the decision and the September 2012 order.*
To succeed upon her application to restrict contact between the father and the children, “the mother bore the burden of *1286 demonstrating a change in circumstances that reflects a genuine need for modification of the existing custody order to insure the continued best interests of the child[ren]” (Matter of Breitenstein v Stone, 112 AD3d 1157, 1157 [2013]). Contrary to the father’s assertion, Family Court did not consider inadmissible hearsay evidence concerning the content of the conversations between him and the children in making that assessment. Admissible evidence, including the testimony taken at the Lincoln hearing, demonstrates that speaking with the father caused severe distress to the children, such that they began resisting participating in visitation with their grandmother. Indeed, the record reflects that the stress experienced by the children manifested itself in disruptive behavior at school and bedwetting, symptoms that improved dramatically once the telephone contact ceased. Family Court credited this evidence, which constitutes a sound and substantial basis for its determination that a change in circumstances had occurred that warranted a modification of the prior order (see Matter of Rauschmeier v Rauschmeier, 237 AD2d 702, 703 [1997]). Further, given this evidence that the telephone contact had a detrimental impact upon the emotional well-being of the children, we cannot say that Family Court abused its discretion in determining that monitored, written contact with the father was in their best interests (see id.; Matter of James U. v Susan U., 125 AD2d 921, 922 [1986]).
Peters, J.E, Lahtinen and Garry, JJ., concur.
Ordered that the appeal from the decision entered July 20, 2012 is dismissed, without costs. Ordered that the order entered September 24, 2012 is affirmed, without costs.

 We dismiss that part of the father’s appeal pertaining to the decision, as a decision does not constitute an appealable paper (see CPLR 5512 [a]; Matter of Darrow v Harrow, 106 AD3d 1388, 1390 n 5 [2013]).