Garry, J.
Appeal from an order of the Family Court of Madison County (McDermott, J.), entered September 29, 2013, which, among other things, granted petitioner’s application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties’ child.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2011). The parties resided together briefly in a home owned by the father, and separated when the child was roughly five months of age. Thereafter, they each commenced custody proceedings. Following a hearing, Family Court awarded sole legal and primary physical custody, of the child to the father and provided the mother with two days of parenting time weekly, as well as a full weekend monthly, and established a shared holiday schedule. The mother appeals.
The primary focus of a custody determination is ascertaining what is in the best interests of the child, and what will best promote the child’s welfare and happiness (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Grant v Grant, 47 AD3d 1027, 1028 [2008]). Upon review, we defer to Family Court’s assessments of credibility and factual findings in light of that court’s opportunity to observe the witness testimony, and, although this Court is vested with broad authority, the determination will not be disturbed if it is supported by a sound and substantial basis in the record (see Matter of Renee J. v Aaron J., 81 AD3d 1115, 1116 [2011]; Matter of Paul T. v Ann-Marie T, 75 AD3d 788, 790 [2010], lv denied 15 NY3d 713 [2010]; Matter of Gast v Gast, 50 AD3d 1189, 1189-1190 [2008]).
Here, the father was employed full time as an engineer, while the mother had a history of part-time employment as a wait *956 ress; at the time of the hearing, she was unemployed and dependent upon public assistance. The mother had attempted suicide following the parties’ breakup, her driver’s license was suspended as result of two prior alcohol-related driving convictions, and a third arrest occurred during the pendency of the proceedings. Despite this, she admitted that, at times, she continued to drive illegally. The testimony revealed at least two incidents in which the mother compromised the safety of the child — on one occasion, by setting fire to an article of clothing inside the father’s house while the child was present therein, and, on another occasion, by intentionally driving away in her vehicle while the father was still in the process of securing the child in the backseat. The record also revealed acts of verbal abuse and physical violence by the mother against the father in the presence of the child. We find that the facts adduced at the hearing and their bearing “on the child’s stability, the home environment of both parents, each parent’s willingness to foster a relationship with the other parent, and their past performance and ability to provide for the child’s overall well-being” (Matter of Lynch v Gillogly, 82 AD3d 1529, 1530 [2011] [internal quotation marks, brackets and citations omitted]), demonstrate a sound and substantial basis that supports Family Court’s award of custody to the father (see Matter of Raynore v Raynore, 92 AD3d 1167, 1168-1169 [2012]).
In general, the law expresses a preference for keeping siblings together, but this does not constitute an absolute rule, and its application has become more complicated as a result of “changing family dynamics and the presence of multiple half siblings” (Matter of Luke v Luke, 90 AD3d 1179, 1182 [2011]; see Matter of Williams v Williams, 66 AD3d 1149, 1152 [2009]). Here, the mother contends that Family Court erred in separating the child from the mother’s other children, with whom the child had formed a loving bond. However, the child has a total of six half siblings, two residing with the father and four with the mother. There was evidence of bonding between the child and the half siblings in each home. Family Court’s determination was not unreasonable in this circumstance, “as any determination would prevent the child from living with some of his half-siblings” (Matter of Tavernia v Bouvia, 12 AD3d 960, 962 [2004]). The mother also challenges the parenting schedule established by Family Court, arguing that she should be allowed to have parenting time during the father’s regularly scheduled workdays on Thursdays and Fridays. However, Family Court is vested with broad discretion in this respect, and we note that the mother’s parenting schedule here provides “frequent and regular access” to the child (Matter of Micah NN. v Kristy NN., *957 79 AD3d 1188, 1190 [2010], lv denied 16 NY3d 707 [2011]; see Matter of Daniel v Pylinski, 61 AD3d 1291, 1292 [2009]). We therefore find no reason to disturb this determination.
Finally, the mother’s contention that Family Court erred in failing to order that the parties submit to psychological or drug and alcohol evaluations is unpreserved, as no such request was made (see Matter of Kubista v Kubista, 11 AD3d 743, 745 [2004]; see also Matter of Susan A. v Ibrahim A., 96 AD3d 439, 440 [2012]; Matter of Canfield v McCree, 90 AD3d 1653, 1654 [2011]). In any event, whether such examinations are required is a matter addressed to the sound discretion of Family Court (see Family Ct Act § 251; Matter of Burola v Meek, 64 AD3d 962, 964 [2009]).
Peters, EJ., Lahtinen, Rose and Egan Jr., JJ., concur.
Ordered that the order is affirmed, without costs.