Matter of Gilroy v Backus (2019 NY Slip Op 05892)





Matter of Gilroy v Backus


2019 NY Slip Op 05892


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


483 CAF 17-01475

[*1]IN THE MATTER OF SHAUNA L. GILROY, PETITIONER-RESPONDENT,
v
BRANDYN L. BACKUS, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
DAVID K. ETTMAN, SENECA FALLS, FOR PETITIONER-RESPONDENT. 
DONNA M. CATHY, WATERLOO, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Seneca County (Stephen D. Aronson, A.J.), entered April 12, 2017 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, modified respondent's visitation schedule with the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners, the mothers of the two subject children, commenced these proceedings pursuant to Family Court Act article 6 seeking to modify prior visitation orders that, inter alia, granted respondent father overnight visits with the respective children on alternating weekends. In these consolidated appeals, the father appeals from two orders entered following a joint hearing and in camera interviews with the children that, inter alia, eliminated overnight visitation between the father and the children. We affirm in both appeals.
Initially, we note that, in both appeals, "[t]here is no dispute that there was a sufficient change in circumstances since the prior order[s], and thus the issue before us is whether [Family C]ourt properly determined that the best interests of the children would be served by a change in visitation" (Matter of Golda v Radtke, 112 AD3d 1378, 1378 [4th Dept 2013]). Moreover, "[t]he propriety of visitation is generally left to the sound discretion of Family Court, whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record" (id. [internal quotation marks omitted]).
The father contends in both appeals that the court's determination regarding overnight visitation is not in the children's best interests inasmuch as petitioners attempted to alienate the children from him. We reject that contention. Here, the court found that petitioners acted with genuine concern for the emotional well-being of the children, and that finding has a sound and substantial basis in the record (see Matter of Jillian EE. v Kane FF., 165 AD3d 1407, 1409-1410 [3d Dept 2018], lv denied 32 NY3d 912 [2019]; Matter of Clary v McIntosh, 117 AD3d 1285, 1286 [3d Dept 2014]; Matter of Klee v Schill, 95 AD3d 1599, 1600-1601 [3d Dept 2012]). Moreover, the record amply supports the court's determination that eliminating overnight visitation between the father and the children is in the children's best interests. In particular, the record establishes that the children were anxious and fearful of spending nights with the father because of his inattention to them, lack of suitable accommodations for them, and frequent arguments with his girlfriend (see Golda, 112 AD3d at 1378-1379; Matter of Consilio v Terrigino, 96 AD3d 1424, 1425 [4th Dept 2012]; Matter of Troy SS. v Judy UU., 69 AD3d 1128, 1133 [3d Dept 2010], lv denied in part and dismissed in part 14 NY3d 912 [2010]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court