Matter of Shaffer v Woodworth (2019 NY Slip Op 06905)





Matter of Shaffer v Woodworth


2019 NY Slip Op 06905


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


800 CAF 18-00758

[*1]IN THE MATTER OF KENNETH A. SHAFFER, PETITIONER-RESPONDENT-APPELLANT,
v
TERI M. WOODWORTH, RESPONDENT-PETITIONER-RESPONDENT. 






DAVID J. PAJAK, ALDEN, FOR PETITIONER-RESPONDENT-APPELLANT.
MARK & GRABER, PLLC, MEDINA (LANCE J. MARK OF COUNSEL), FOR RESPONDENT-PETITIONER-RESPONDENT. 
CHARLES PLOVANICH, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Orleans County (Sanford A. Church, J.), entered March 23, 2018 in a proceeding pursuant to Family Court Act article 6. The order denied the petition seeking unsupervised visitation with the subject child and granted the cross petition seeking to reduce petitioner-respondent's supervised visitation with the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, petitioner-respondent father filed a petition seeking to modify a prior consent order of custody and visitation by providing him with unsupervised visitation with the subject child. Respondent-petitioner mother filed a cross petition seeking to reduce the father's supervised visitation to one day per week. The father now appeals from an order that, in essence, denied the petition and granted the cross petition. We affirm.
Initially, we conclude that the father "waived [his] contention that the [mother] failed to establish a change of circumstances warranting an inquiry into the best interests of the child[ ] inasmuch as the [father] alleged in [his] . . . petition that there had been such a change in circumstances" (Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]; see Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018], lv denied 33 NY3d 903 [2019]).
Contrary to the father's contention, Family Court did not abuse its discretion in discontinuing his Sunday visitation. It is well settled that " [t]he propriety of visitation is generally left to the sound discretion of Family Court[,] whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record' " (Matter of Robert AA. v Colleen BB., 101 AD3d 1396, 1397 [3d Dept 2012], lv denied 20 NY3d 860 [2013]; see Matter of Golda v Radtke, 112 AD3d 1378, 1378 [4th Dept 2013]). Here, we conclude that a sound and substantial basis in the record supports the court's determination to reduce the father's visitation. Specifically, the record establishes that the Sunday visits interfered with the child's other activities and that the father failed to avail himself of his Sunday visitation on numerous occasions (see Golda, 112 AD3d at 1378; cf. Matter of Gorton v Inman, 147 AD3d 1537, 1538 [4th Dept 2017]).
We also reject the father's contention that the court should have permitted him to have unsupervised visitation. "Courts have broad discretion in determining whether visits should be supervised" (Matter of Campbell v January, 114 AD3d 1176, 1177 [4th Dept 2014], lv denied 23 [*2]NY3d 902 [2014]; see Matter of Procopio v Procopio, 132 AD3d 1243, 1244 [4th Dept 2015], lv denied 26 NY3d 915 [2015]), and we conclude that there is a sound and substantial basis in the record supporting the court's determination that visitation should continue to be supervised (see generally Campbell, 114 AD3d at 1177; Matter of Austin M. [Dale M.], 97 AD3d 1168, 1170 [4th Dept 2012]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court